*332 OPINION of the Court, by
Judge Owsxey.
This is a writ of error brought to reverse a judgment obtained by Huston on a motion made by him against Wilson as sheriff, for failing to return a fieri facias which had previously issued in favor of Huston against the estate of Samuel Wittic, and which had been delivered to Wilson to be executed.
The motion was predicated upon that provision of the act of 1810 relative to sheriffs, which makes them liable for the principal, interest and costs expressed in an execution, together with thirty per centum damage upon the amount thereof, for failing, neglecting or refusing to return such execution within one month after the return day.
During the progress of the trial in the court below» Wilson, who was sheriff of Christian county, moved the court for leave to amend his return on the execution, by inserting the time when he enclosed the execution and return to be sent to Hardin county, from whence it issued, but his motion was overruled and exceptions taken to the opinion of the court.
As Wilson was sheriff of a different county to that from which the execution issued, according to another provision of the act of 1810, he was not compelled to go out of his county to render a return; but to excuse himself, however, from the penalties of the act, it became necessary to show that the execution, together with tli® sheriff’s return, had in proper time been enclosed and directed to the plaintiflf in the execution, and sent by *333 mail, or some other safe conveyance, to the county from whence the execution issued. To shew this it is presumed the attempt was made to amend the return on the execution; but which, as we suppose, was properly repelled by the court below: for it is no where made the duty of the sheriff to mention in his return the time when he encloses the execution, and to allow the time to be inserted by way of amendment, for the purpose of being used as evidence for the sheriff, would be permitting a party to make evidence for himself; not only subverting a fundamental rule of evidence, but tending to a total evasion of the penalties of the statute.
mot¡on ⅛, not return-⅝ in time ecution is returned before notice ferve<1-
The execution, however, appeal’s from the record in this case to have been made returnable at a time more distant than ninety days from its teste, and hence it is contended that the sheriff ought not to be made liable for not returning it within the time limited by the act.
Were the circumstance of more than ninety days intervening between the teste and return to have the operation of making void the execution, then as it would he a mere nullity, the sheriff, it would be admitted, could not be made liable for not returning it; but if the execution be not void, but voidable only, then as the writ is a sufficient justification for the sheriff, he should, without regard to the regularity of the proceedings, obey its mandator, and for a failure to do so cannot excuse himself by objections to the process. — -2 Ld. Ray. 775—2 Sand. 101, and Williams’note to same page—2 Cra, Eli. 165-188 — Bul. N. P. 66.
That the execution was not absolutely void, we apprehend there can be but little doubt.
At common law it was necessary that executions should bear teste in term time, and be made returnable tothenext succccijing term; but for a failure in either respect, the process, although erroneous, was not void, hut amendable. — 2 Bun. 1187 — Tidd’s Prac, 914 — 9 John. Rep. 386.
In this country executions are not; required either to tyeai’ teste op he made returnable in term time, but as a ¡Substitute for that rule of the common law, they are to hearteste by /the clerks of the courts respectively, and* to be made returnable to the rule days of the said courts, so that there be at least .thirty and not more than ninety days between the teste and return of the writ. Bút as the time required between the teste and return is not *334 of tl ie essence of the writ, but rather directory to tha clerk in issuing it, an error in that respect should not have a greater operation than the making of an execution at common law hear teste out of term time would have, and consequently at most is but matter of error by which the party might avoid the process, but of which the sheriff in a proceeding against him cannot avail liimself.
But it is also objected that inasmuch as the sheriff had returned the execution before the notice of the motion was served upon him, he should not be subjected to the penalties of the act. This objection cannot, however, be sustained for as by the express provisions of the law, the sheriff upon failing to return the execution becomes liable to its penalties, by no subsequent act of his can that liability be avoided. The right of the plaintiff in the execution to recover from the sheriff was complete upon the failure to return the execution according to the requisitions of the act, and that right cannot have been affected by the subsequent return of the sheriff.
The judgment must be affirmed with costs and damages, '