HUFF ET AL. v. COX.

1. Where the defendant adduces no evidence, and that on which the plaintiff relies is, either in whole or in part, oral testimony, or depositions, it is error for the Court to charge the jury that the evidence of the plaintiff, is sufficient to author 'rise a recovery; unless it is overbalanced by the proof of the defendant. Such a charge assumes the credibility of the witnesses—a question which should be referred to the jury.

2. On the trial of the right of property under the statute, the plaintiff cannot be required to produce the judgment on which his exexution issued, nor can the claimant be allowed to show the same to be an insufficient warrant for an execution.

3. Where the same individual is both Clerk and Judge of a Court of record, it is competent for him, under the act of Congress of 1790, to authenticate, by his at. testation and certificate, the records and proceedings of his own Court.

4. Where an authenticated copy of a will from the Court of a sister State, was recorded in the Clerk's office of a County Court of this State, but without any view to its execution here—*held*, that an authenticated transcript from the records of the County Court, was inadmissible evidence—the record itself being but the copy of a copy.

THIS was a case of the trial of the right of property, under the statute, in the Circuit Court of Cherokee. From the record, it appears that a *fieri facias*, at the suit of the defendant in error against William Hall, was placed in the hands of the sheriff of that county, and was levied on two slaves, viz : a woman named Edy, and a boy named Wiley, as the property of the defendant in execution. The plaintiffs in error thereupon made oath, as required by law, that the slaves were their property, and executed a bond with surety to try the right. An issue was made up, and submitted to a jury, who found the slaves subject to the execution, &c.

On the trial, the claimants excepted to the ruling of the Court touching the admissibility of evidence, as also in charging the jury. From the bill of exceptions, it appears that a witness introduced by the plaintiff in execution, proved that the defendant in execution removed from South Carolina to his neighborhood, in Cherokee county, in 1835, and that the negroes in controversy had been in his possession ever since. The claimant's counsel moved the Court to charge the jury, that the burthen of

proof was on the plaintiff in execution, and that, unless he prov-ed that the property in question was owned by the defendant in execution, they must find for the claimant; whereupon the Court charged, that it was true that the burthen of proof lay upon the plaintiff, but that his proof was sufficient to authorise a recovery, unless it was overbalanced by the proof of the claimant.

The claimant then asked the Court to charge the jury that, unless the plaintiff proved an unsatisfied outstanding judgment against the defendant in execution, they must find for the claim-ant ; which charge the Court refused to give, and charged the jury that the execution, which had been levied on the property in question, was sufficient evidence of that fact.

In the progress of the trial, it was proved, on the part of the claimants, that Merry Hall, the father of William Hall, the de-fendant in execution, was the owner, and in possession of, the slaves in controversy ; and then offered to prove that he made a will, by which he bequeathed them to the children of Milly Hall, the wife of the defendant—that the claimants, with the exception of Huff, are the children of Milly Hall, and that Huff has inter-married with one of them.    The will offered was authenticated by a certificate, in the following words:

" THE STATE OF SOUTH CAROLINA. ?
                GREENVILLE DISTRICT.       }

I, John Watson, the presiding Judge of the Court of Ordina-ry, in and for the said District aforesaid, and also Clerk of the said Court, do hereby certify that, the foregoing writing is a true copy of the original will of Merry Hall, late of said District, deceased, which is proved and recorded in the Ordinary's office for said District; and that the above attestation is in due form, and that full faith is, and ought to be given to the same.    Given under my hand and private seal, having no public seal of office, at Greenville, this 20th day of November, A. D. 1837.

Attest:              JOHN WATSON, Judge and Clerk
                                of the Court of Ordinary."

This attestation is followed by a certificate of one of the Judges of the Court of Common Pleas of the State of South Carolina, in which it is stated that, John Watson was, at its date, Clerk and Judge of the Court of Ordinary for the District

of Greenville, in that State, and that his attestation is in due form. The counsel for the plaintiff in execution objected to the introduction of the will as evidence; and his objection was sustained by the Court.

The counsel of the claimants then offered to read to the jury a copy of the same will transcribed from the records of the Clerk of the County Court of Cherokee ; to the admission of this evidence the plaintiff also objected. His objection was sustained, and the paper excluded by the Court.

Judgment being rendered against the claimants, they have prosecuted a writ of error to this Court, and now insist that the Circuit Court erred in its decision of the several questions of law presented by the bill of exceptions.

WM. B. MARTIN for the plaintiff in error.
No counsel appeared for defendant.

COLLIER, C. J.—1. Although it is said that it was proved, that the defendant in execution, brought with him from South Carolina, and still retained in his possession the slaves in question; yet we are to understand, that the witness only testified that such was the fact ; whether it was shown satisfactorily to the jury, was a matter of which they were the exclusive judges. The Court however, in its charge, assumes that this evidence is indisputable ; for the jury are informed, that it was sufficient to authorise a verdict in favor of the plaintiff in execution, unless it was over-balanced by the proof adduced by the claimant. It is the acknowledged office of the Judge, to expound the law, and the jury are to ascertain the facts; and if the Judge refer his duties to the jury, or undertake to perform theirs, in either case he commits an error. (Pistole v. Street, Ad'mx., 5 Por. Rep. 64.) In the case before us the Judge determined a fact adverse to the plaintiff in error, and in so doing, as we have shown, invaded the prerogative of the jury.

2. In Carlton et al. v. King, 1 Stewart & Porter's Rep. 472; it was decided that the claimant of property could not require the plaintiff to produce the judgment on which his execution issued, nor could he be permitted to point out defects in it, though there might be such as would show it to be an insuffi-

Huff et al v. Cox.

cient warrant for an execution. This case has been recognized as authority by several later decisions, and is decisive of the second question raised. (See also, Collingsworth v Horn, 4 Stew. & Por. Rep. 237; Perkins & Elliott v. Mayfield, 5 Por. Rep. 182.)

3. In Dozier v. Joyce, 8 Por. Rep. 303, a will was certified by the Ordinary of the district of Edgefield, in the State of South Carolina, in terms very similar, and certainly not more comprehensive than those employed by the Ordinary in the present case. There the Court said, " the act of Congress, of seventeen hundred and ninety, providing for the authentication of the records and judicial proceedings of the Courts of any State, by the attestation of the clerk, with the seal of the Court annexed, together with the certificate of the presiding Judge, must be held to reach such a case as this, or it is not provided for, as the act of eighteen hundred and four, for the authentication of records not judicial proceedings, will not apply. The decision on the probate of a will, is a judicial proceeding, and the Court n which it is registered a Court of record; and if the presiding Judge is also clerk of the Court, he must have authority to attest the records of his Court in both capacities. This has been done in this case." This reasoning is conclusive to show that the will was sufficiently authenticated, and should consequently have been admitted as evidence.

4. The transcript of the will from the records of the clerk of the Court of Cherokee, was clearly inadmissable. In the first place, we have no statute authorising the registry of a will proved in another State, consequently its registration here, would not impart to the original will authenticity when offered as evidence in our Courts, unless it was first proved here, with a view to execute its provisions. In the second place, the paper offered was a copy from the record, which was itself a copy, and for this cause it was also objectionable.

For the error in the *first* and *third* questions considered, the judgment of the Circuit Court is reversed and the cause remanded.