## Harrell v. Floyd and Wife.

1. Upon a trial of right of property, the claimant cannot question the validity of the judgment or regularity of the execution.

2. It is no objection to a witness that he married the widow of a co-executor of the claimant, on a trial of right of property, unless it be shown that her former husband waisted the estate of his testator, and that the witness obtained by the marriage, an estate chargeable with such devastavit.

3. Testimony, which is relevant, cannot be rejected because unaided by other proof, it will not make out the case. The effect of testimony can only be ascertained by a motion to instruct the jury.

Error to the Circuit Court of Madison.

This was a trial of right of property in four slaves, in which the plaintiff in error was the claimant, and the defendants in error, plaintiffs in execution.

The latter obtained a verdict and judgment. Pending the trial, a bill of exceptions was taken, from which it appears that the plaintiff offered in evidence, the writ of *fieri facias* on which the levy was made, which issued against the claimant as surviving executor of George P. Harrell, deceased, which the defendant moved to exclude from the jury upon the ground, that there was no judgment upon which such an execution could properly issue; which motion was overruled by the court.

The defendant then offered as a witness, one Samuel Hatton, whose testimony was excluded, on motion of plaintiff's attorney,

Harrell v. Floyd and Wife.

because the witness had married the widow of a deceased executor of George P. Harrell, who in his life time, was co-executor with the claimant.

The defendant's counsel also offered as evidence, the return into the Orphans Court of Madison county, which had been spread upon the records of said court, of the sale of the slaves which belonged to the estate of George P. Harrell, deceased, made by his executors; the slaves in dispute having been proved to be the property of George P. Harrell, in his life time.

This paper is a·list of the names of some negroes, with the name of the purchaser, and the price annexed. Included in the list, are the names of two of the slaves in dispute, which are thus stated: "Delila and child Margaret—Slaughter Harrell, $427." The paper is headed, "list of negroes sold at Huntsville, on the 18th February, 1828, belonging to the estate of George P. Harrell, deceased, sold by his executors, to wit:

Signed,            J. Wiggins & C. Harrell, Ex'rs."

To which is appended the following: "The within and foregoing amount of sales was delivered into this office to be recorded, the 11th day of June 1828, and was duly done the 25th of June 1830.

Thomas Brandon, Clerk.'

The defendant's counsel also offered the final settlement, which had been made by the executors of George P. Harrell, deceased, and which had also been recorded. This settlement is a statement of debts paid by the executors and of the assets of the estate in their hands, in which is included, the amount of the sales of the negroes, of the 18th February, 1828. The decree is in the following words: "I, Samuel Chapman, Judge of the County Court, do certify, that I have examined the accounts and vouchers of the executors of George P. Harrell, deceased, who have heretofore reported the said estate insolvent, but on examination, I find the estate sufficient to pay the claims presented and properly authenticated against it. The Executors have received, and are chargeable wi.h the sum of nine thousand two hundred and fifty-four dollars, and they have paid and are liable to pay the like sum to the said claimants; given under my hand and seal, this 14th day of August, 1832;" which was also excluded from the jury. To all which, the defendant excepted, and now assigns for error.

Moore, for plaintiff in error, cited (1st Phillips on Evidence, 321, 324, 327. 3 Term Rep. 27; 7th ib. 62. 6th Porter's Rep. 219. 11th Scargeant & Rawle 430.

Hopkins, contra, cited Aik. D. 180, sec. 14, 15; 4 Porter, 265.

ORMOND, J.—The questions presented on the record, are first, the propriety of the judgment of the court refusing to exclude the execution on defendants motion.

Second. The rejection of the witness, Hatton, on the motion of the plaintiff.

Third. The rejection by the court, of the record of the county court, as evidence to the jury.

1. It is settled as the law of this court, that in trials of right of property, a claimant is not permitted to question the validity of the judgment or the regularity of the execution under which the property is sought to be condemned. Such an inquiry being considered as foreign to the issue between the parties. [See Stone v. Stone, 1 Ala. Rep., N. S. 582. Bettis v Taylor, 8 Porter, 564.]

2. The reason assigned for the rejection of the witness Hatton, was that he had married the widow of a former co-executor of the claimant, on whose behalf the witness was called. It is difficult to perceive how this statement of facts could raise a presumption that he had any interest in the event of the cause. To make him interested, two other facts must be assumed. That the executor whose widow he married had waisted the assets of his testator, and that the witness had received by the marriage, an estate which was chargeable with such devastavit. As these facts are not shown to exist, and as they do not follow as a necessary consequence of the marriage of the witness with the widow of the deceased executor, the exclusion of the witness on that ground was erroneous.

3. The rejection of the record of the County Court presents a question of much graver import. The claimant appears to have derived his title to two of the slaves in question (and the other two are said to be issue born since, though that fact does not appear on the record,) by a purchase at his own sale of the estate of his testator in February, 1828. The evidence offered, consists of the return of the sale to the County Court,

signed by the executors and recorded, upon which the claimant is set down as the purchaser of two of the slaves; and also what purports to be a final settlement of the estate by the Judge of the County Court with the executors, in which they are charged with the proceeds of the sale of the slaves in February, 1828.

The question before the court below on this motion was, the relevancey of the testimony; its legal effect, or whether sufficient without the aid of other proof, to support the issue, could only come in question on a motion for instructions to the jury.

The rejected testimony was a record of the County Court in relation to the slaves in controversy, upon a subject, over which it had undoubted jurisdiction, and was therefore clearly relevant, and should have been admitted. The learned counsel for the defendant in error, maintains that the record was properly rejected, because there was no proof that the sale of the slaves was advertised, or that any of those steps were taken which the law requires in such cases, and without which, he insists that the sale is a nullity.

If this argument were admitted to be correct, it will not follow that the evidence was properly rejected. We are not informed that the whole proceedings relating to this estate in the County Court of Madison, are before us, and therefore it may be, that there is record or other proof of the facts in the power of the party to produce, the absence of which from the record, is now complained of. It is in the discretion of a party, to array his testimony in the order his judgment dictates, and if relevant, it cannot be rejected, because it does not support the issue, unaided by other proof.

The rejected testimony in this case, was relevant, and should have been admitted; the influence it was calculated to exert in the cause, or whether it was of any value, unaided by other proof, are questions not presented on the record, and therefore we abstain from the expression of any opinion concerning them

Let the judgment be reversed and the cause remanded.