## BLOUNT AND STANLEY v. TRAYLOR.

1. Where a creditor omits to sue out execution until after the death of his debtor, no lien attaches upon his personal estate, in the hands of his administrator, who is bound to apply them in due course of administration, and whose claim will prevail against the levy made under an execution issued after the death of the debtor.

WRIT of Error to the Circuit Court of Chambers.

Claim, under the statute, to a slave levied on at the suit of Traylor by an execution against John Davis.

The facts, so far as they are connected with the only matter decided by the Court, are these :

Davis died on the 8th of October, 1840, no execution having then issued. On the 23d of the same month, this execution was issued, and levied on the 2d of November of the same year on the slave in controversy. Blount and Stanley took out administration on Davis' estate and interposed their claim on the 1st March, 1841.

At the trial the claimants made title in two ways:

1. As the mortgagees of the slave by deed from Davis, to secure the payment of a note falling due 1st March, 1841.

2. Under the administration.

It was shown that they had returned an inventory in which this slave was described as Davis' property, but subject to their mortgage.

Under this state of proof, they requested the Court to instruct the jury—

1. That if Davis was dead when the execution issued, it was void.

2. That, under the circumstances there was not such a possession in the mortgagor as was liable to sale under execution; and in either event, a verdict should be rendered in their favor.

These charges the Court refused, and in lieu of them the jury was instructed—

1. That the claimants could not question the regularity or validity of the execution.

2. That if the claimants held possession of the slave, not as mortgagees, but as administrators of Davis, their possession was equivalent to the possession by Davis, and created such an equity of redemption as was liable to the execution.

This was excepted to and is now assigned as error.

STONE, for the plaintiff in error.

GUNN, contra.

GOLDTHWAITE, J.—The matter in question here, is not merely whether the execution is void in consequence of having issued after the death of Davis, for as between these parties the validity of the execution cannot be inquired into. [Bettis v. Taylor, 8 Porter, 564.] But considered in another aspect, the fact that Davis died before any lien existed on his goods, is quite decisive of this case. The plaintiff in execution not having sued out his execution in the lifetime of his debtor, has no claim which is entitled to a preference over any other creditor, and as by the administration the title to the decedent's goods passed to the administrators, to be applied in due course of administration, their claim is necessarily paramount to that derived under the execution.

The decision in the case of Collingworth v. Horn, [4 S. & P. 237, 250,] concedes that if that case had shown a case of facts precisely similar to those now before the Court, that the title of the administrator would prevail against the execution.

As the execution has already been quashed, and the levy discharged, there is no reason for remanding the cause.

Let the judgment be reversed.

ORMOND, J.—By several early decisions of this Court, the *claimant* on the trial of right of property, was prohibited from inquiring into the regularity of the judgment, or execution, under which the plaintiff in execution claimed. Following out these decisions, in Bettis v. Taylor, [8 Porter, 564,] we held that the claimant could not object that the execution under

which the plaintiff claimed had issued after the death of the defendant in execution. The execution in such a case may, however, be quashed at the instance of any one affected by it, after which it is obvious the plaintiff in execution can no longer proceed, as the levy is discharged by quashing the execution. Such was the fact in this case, and for that cause, if no other existed, the claimant was entitled to a verdict.