# YOUNG v. THE BANK OF THE STATE OF ALABAMA.

1. The defendant called for an account of sales of his cotton, which was in the plaintiff's possession, and upon its being produced, offered it as evidence for the single purpose of showing when the sale was made: *Held*, that the use of the paper by the defendant, was an admission of its genuiness, and made it admissible for the plaintiff to prove the facts shown by it.

WRIT of Error to the County Court of Tuskaloosa.

This was a summary proceeding by notice and motion, at the suit of the defendant in error, against the plaintiff, as the acceptor of a bill of exchange. The cause was tried on the pleas of *non assumpsit*, payment, and set off. On the trial, the defendant excepted to the ruling of the presiding judge. It appears that the proceeds of forty-eight bales of cotton belonging to the defendant

had been appropriated in part payment of the bill, on which the Bank claimed a balance. That the defendant offered a paper purporting to be an account of sales of the cotton, which paper was in the hands of the cashier of the Bank, (without proof of an authority to sell or of any thing else) declaring that he offered it for the sole purpose of showing when the sale was made. The plaintiff's attorney afterwards offered the same paper as evidence to prove all the facts it indicated, without any proof in aid of it; to which the defendant objected, but his objection was overruled, and the entire paper read to the jury.

The defendant also objected to the construction given by the Judge in his charge to the jury, to the fourth article of the regulations under which the cotton was received and sold by the Bank. That article is as follows, " all expences of freight, commissions, insurance, &c. shall be paid by the party for whose account and risk the cotton is shipped. The shipper may limit or fix the price, and the time at which he desires the cotton to be sold; but the limit as to price and time, must terminate at the expiration of four months from the time of its arrival in a foreign port, at which period the sales must be closed." The charge excepted to, stated the law thus, that where there were no instructions given by the shipper of the cotton, the Bank could not sell until the expiration of four months—it had no right to sell or exercise any contol over the cotton until that period had expired; after that time the Bank could sell if it saw proper, or withhold the cotton from market as long as it thought the interest of either party would be thereby promoted.

In the bill of exceptions it is stated, that there was no evidence of the defendant having given any instructions in relation to the sale of his cotton, or that the same had been sold within four months after its arrival in a foreign port, or immediately upon the expiration of that period.

Lindsay, Attorney General, for the plaintiff in error. The introduction of the account of sales for a single purpose by the defendant below, did not authorise the adverse party to use it as evidence generally. [1 Starkie's Evi. 251, 319, 320, 321.]

B. F. Porter, for the defendant.

COLLIER, C. J.—It is a rule of very general application that where a paper is read by one party, the whole is to be read if required by the adverse party. This rule may be said to be founded upon the reason, that the reading of the entire document is necessary to ascertain with certainty, its real sense and meaning; and further, that by offering it as an instrument of evidence, its admissibility has been so far affirmed as to preclude objection to it, when introduced by the other side.

In Isaacs v. McGrath, [1 N. & McC. Rep. 563,] the law on this point is thus stated: "Where papers are called for by one party, which are in possession of the other, they ought not to be garbled, but the whole produced, subject however to all legal exceptions when produced; and that whenever a document or paper is referred to by any other, which is admissible evidence, such document or paper so referred to, ought to be produced." [3 Ph. Ev. C. & H's notes, 1207; 1 Stark. Ev. 6 Am. ed. 359; Withers v. Gillespy, 7 Sergt. & R. Rep. 14.] And it is laid down in general terms, that the books of a merchant, when offered by one party for the purpose of establishing a demand, may be used by his adversary to show a discharge, or that nothing is due. [2 Ph. Ev. C. & H's ed. 227 to 229, and cases cited.]

In the case at bar, the defendant called for the account of sales of his cotton in possession of the plaintiff, and used it as evidence of the time when it was sold. The use of the paper for this purpose was an admission that the cotton had been sold, and dispensed with proof of the genuineness of the paper, and made it evidence of the facts shown by it. It was therefore competent for the plaintiff to introduce it as evidence of the amount of the sales with which the Bank was chargeable; but it was not conclusive, and the defendant might have proved that the account was incorrect, or that the cotton sold for a smaller price than it would have done had the sale been made according to the contract between the parties, &c.

It is needless to consider the charge to the jury upon the fourth article of the regulations under which the cotton was received and sold, as there was an entire absence of proof to show, that the sale was not made in strict conformity thereto. Nor was it pretended, so far as we can learn from the bill of exceptions, that there was a departure by the plaintiff from the requirements of

that article ; or if it was disregarded, that any injury has resulted to the defendant.

There is no error shown by the assignments, and the judg-ment is consequently affirmed.