MILBURN vs. STATE, to use of RAY & WIFE.

1. An execution made returnable to a day out of term is only voidable, and the officer is bound to execute it.

2. Executions being by law returnable to the term next succeeding their issuing, unless the plaintiff otherwise order, if by mistake one is made returnable to a day in vacation later than the next succeeding term, the officer is yet bound to make return to such term, and for failure to make such return is liable for the full amount of the debt.

*Milburn* vs. *State, to use of Ray and wife.*

## APPEAL from St. Louis Circuit Court.

GAMBLE & BATES, *for Appellant, insist:*

1. The writ and the return thereof, being prescribed by the statute, it is not in the power of the party, the clerk, or even the court, to cause a different writ to be issued. And so, the writ was void from the beginning. 3 Mo. R., 286, Holliday vs. Cooper; 5 Wend. R., 276; 9 Wend. R., 338.

2. The writ being void, the sheriff was not bound to execute it or return it at all.

3. But if not void, still its requirements being inconsistent, the sheriff ought to obey the most important requirements, to the neglect of the least important, when both cannot be done. This writ requires to be returned on the 13*th of November at the court-house before the judge,* which taken with the 7th sec., necessarily means in open court. Now there was no court on that day; the judge was not required to be at the court-house. The particular day of the return is not very material; but it is material that it should be returned to the court that issued it, whose duty it is to see that its own process is not abused—that it is rightly issued, executed and returned.

4. The sheriff could not return this writ to the first term after it was issued, because the return day named was after that term; and the return of a writ *nulla bona* before the return day is merely void. Cro. Eliz., 512; 1 Back. on Sheriff, 259.

And he did actually return it to the next term after the return day, for the agreed case says, it was "filed in court." And this we submit is all he could do.

All *mesne* process ought to be returned; but when final process has issued, on which no judgment or other process is to be had—as a *fi. fa.* which levied the whole debt, no return is necessary. *b* Co., 90; Cro. Eliz., 209; our statute, however, does require a return.

LESLIE & LORD AND HAIGHT, *for Appellee:*

This is an action against the sheriff for not returning an execution founded on the statute laws ef 1835, sec. 52, p. 260.

1. The sheriff is positively liable, and there is no necessity to prove damage or make a demand. Douglas, et al. vs. Baker, 9 Mo. R., 41; Sublett & Campbell vs. Melton, et al., 8 Mo. R., 417.

2. Executions by the statute of 1835, were to be returned to the next term of the court. It being admitted by the case made, that the day upon which the writ was made returnable, was after the adjournment of the November term for that county, was the sheriff bound to execute the process? As to void and voidable executions, see 2 Burr, 1187; 9 John, 385; 3 Cowen, 303; 3 Gra. Prac., 1 ed., 316–17; 2 ed., 363–4; as to the time of issuing, 1 Cow., 736–79; Gra. Prac., 1 ed., 316–17; 8 Cow., 192; 2 Caine, 62, note.

3. If the process is only voidable, the sheriff is bound to execute—voidable process is good till set aside. Watson on sheriff, 5 Law Library, 53; 2 Saunders, 101, note 2; 8 Cowen, 192; 4 Cranch R., 332; 10 Peters, 477; 4 Bibb, 332, Wilson vs. Huston.

Equities between parties do not come into this case.

NAPTON, J., *delivered the opinion of the Court.*

This was an action on the official bond of Milburn, as sheriff of St. Louis county, and the breach assigned was, that Milburn did not return a certain execution as he was commanded to do. The defendant pleaded,

1st, *non est factum;* 2nd, that he did return the execution on said 13th November, 1843; 3rd, that he returned the execution during the term at which it was returnable; 4th, that defendant kept back the execution with the knowledge and consent of plaintiffs. Issue was taken on these pleas. The defendant by leave, filed as additional pleas, 1st, that the execution was not returnable to any term of the Circuit Court of Macon county; 2nd, that the return day mentioned in the execution was not a day in any term of the Circuit Court of Macon county; 3rd, Same as second, with the addition, that defendant made return of the execution, at the term of said court next after the return day mentioned in the writ.

The case was finally submitted to the Circuit Court upon the following agreed state of facts: "On the 31st day of December in the year 1841, at the December term of the Circuit Court held in and for the county of Macon, Emeline Dodd by the consideration and decree of said court, recovered against one Benj. Dodd, as alimony and for maintenance, the sum of five hundred dollars and costs of suit, and afterwards on the 20th day of April 1843, an execution was sued out of said Macon County Circuit Court by said Emeline Dodd against said Benj. Dodd, directed to the sheriff of St. Louis county, by which said execution the said sheriff was commanded of the goods and chattels and real estate of the said B. Dodd, he cause to be made the said sum of five hundred dollars and seven dollars and fifty cents costs, and that he have the said writ before the Judge of the said Macon Circuit Court at the court-house of the town of Bloomington, in said county of Macon, on the 13th day of November, 1843, to satisfy the same, and that he should certify to the said Judge how he had executed the said writ, and that the said sheriff should have then and there said writ. That said execution was delivered to the defendant, who was then the sheriff of St. Louis county, to be executed, on the 27th April, 1843, with the amount to be collected endorsed upon the back thereof; that said execution was not returned to the office of the clerk of Macon County Circuit Court on the said 13th day of November, 1843; but the same was enclosed in an envelope, and directed to the clerk of the Macon Circuit Court at Bloomington, Macon county, Missouri, and mailed at St. Louis Post Office on the 11th day of March, 1844, and received by the clerk of said court between the 20th and 30th days of April, 1844, with a return endorsed thereon, that the defendant had no goods and chattels, lands or tenements whereof to levy and make the amount of the said judgment or any part thereof, in the said county of St. Louis; that the November term for 1843 of said Macon Circuit Court

adjourned on the 10th day of November, 1843, and was not in session on the day when said writ was made returnable. That afterwards, and before the commencement of the suit, said Emeline Dodd intermarried with Alfred Ray.

Upon this agreed case, judgment was rendered for the plaintiff.

This suit is based upon the provisions of the 52d section of the execution law, as it stood in the Rev. Code of 1835. That section made the sheriff liable upon failing to return a writ according to law, for the whole amount of money specified in the writ.

The writ in this case was made returnable in vacation, whereas the law requires it to be made returnable to the next succeeding term, unless the plaintiff otherwise directs. Does this error make the writ void?

The authorities cited at the bar are decisive upon this point. A writ returnable out of term is merely erroneous and not void. Campbell vs. Cummings, 2 Burr, 1187; Cramer vs. Van Alstyne, 9 John R., 386.

A process merely erroneous, is a justification to the officer who executes it; and on the other hand, the officer who fails to execute it, and is sought to be held responsible for such delinquency, cannot take advantage of the error. 2 Saund., 101, n. 2, and cases there cited.

If we take these principles to be settled in relation to *final* process, we do not see how the defendant can escape the penalty affixed by law to his failure in not returning the execution against Dodd, according to the directions of the law, regardless of the mistake of the clerk who issued it. The case in 4 Bibb, 332, (Wilson vs. Huston,) is directly in point. The execution in that case, was made returnable more than 90 days from its test, when by the law of Kentucky, the execution should have been returnable in 90 days. The court held that the return day was fixed by law; that the writ was not void, but that the sheriff was bound to obey it; that the sheriff was bound to take notice of the law, and as the return day was fixed by the law, his duty was to return it on that day and not on the one erroneously specified in the writ. It is impossible to distinguish that case from this *in principle*. Instead of being returnable within 90 days, as in Kentucky, the writ here is returnable, as in England, in term time, and the authorities upon which the Kentucky court rested their opinion, are more directly and literally applicable to our statute than to theirs.

The hardship of the case is most manifest; but it grows out of the statute, which inflicts a penalty upon the sheriff greatly disproportioned in many cases to the delinquency. The principles of law fixing the sheriff's

liability, are the same, which in other cases would be essential to his protection.

Judge McBRIDE concurring, the judgment is affirmed.

SCOTT, J., did not sit in this cause.