Patterson *v.* Hartsock.

## PATTERSON *v.* HARTSOCK.

P. made a note to N., payable in meats, when called for ; and on the same day N. executed a writing to P., agreeing to pay him cash for one half the meat he should purchase, and apply the other half on the note till satisfied ; the note was indorsed by N. to H., without recourse, but there was nothing to show that it was negotiated after due. Held to be a presumption of law, that the note was indorsed before due, and that the agreement from N. to P. was no defense to a recovery on the note, and not admissible in evidence.

Patterson *v.* Hartsock.

ERROR, *to Des Moines District Court.*

*David Rorer,* for the defendant.   1. This note is indorsed.to plaintiff, without date, and is presumed to have come to his hands before due, and is subject to no such defense as set up.

2. It was made, as shown by the record, at Iowa territory, under the statute of 1839, p. 381. § 1, and is to be "taken to be due and payable," to the person to whom given, and is assignable by law.   Defendant in error insists, that whether taken by him before or after due, yet it is valid against all secret agreements between the original parties thereto, by virtue of our statute, and by the general law.   Story on Pr. Notes, pp. 210, 220, §§ 191, 192, 296.

*J. C. Hall,* also for the defendant, insisted that there is no error in the record and proceedings of the court below; that the evidence offered by defendant below, and excluded by the court, was not relevant; and if admitted would not, and ought not to have changed the verdict of the jury.   The bill of exceptions shows that it was no part of the original contract— that it was given without consideration; that Hartsock was the indorsee before the note was due.   Now, if the plaintiff in error claims that he had any farther evidence, by which he could render the evidence excluded material, or relevant, he should have shown by the record that he offered such evidence, or proposed to follow up this evidence by such other evidence as would make this material.   The court will never presume anything in favor of the exception, but it is to be taken most strongly against the party taking it.   *Scott* v. *United States,* Morris, 142.   It is clear, and admitted in the argument of this case, that the evidence which was excluded, unless it was followed up by other evidence, that the defense would have been incomplete, and no bar to plaintiff's action. Can the court assume that such farther evidence was offered, or could have been produced, when the record is silent upon the subject ?

*M. D. Browning*, for the plaintiff in error. The court below erred in not admitting Patterson to introduce to the jury the agreement signed by Nealey, the indorser of the note, as set out in the bill of exceptions. All instruments executed by the parties to a contract, and referring to the same subject matter, tending to qualify the rights of the parties, or to explain the contract, should be received in evidence upon the trial. This is a well-established rule, and sustained by the following authorities. Chitty on Con. 85; 9 Cowen, 274; 22 Pick. 176; 10 *ib.* 302, 250; 5 *ib.* 395; 13 Wend. 114. But it is contended that such evidence cannot be introduced against Hartsock, who is the assignee of Nealey. If Hartsock took the note before due, for a valuable consideration, and without notice of the contract between Nealey and Patterson, then the testimony could not be introduced against him. But was it not competent for Patterson to show: first, that had Hartsock taken said note after due, in that case the same defense could be made, as if the note had been sued in Nealey's name; and, second, if he took it before due, that he took the same with full knowledge of all the rights of Patterson against it? And how are these facts to be proved? Why, first, by showing what the contract between Nealey and Patterson was; and then introducing the other facts to make out our defense. And how is the contract between Nealey and Patterson to be proved? In no other way than by the introduction of the written agreement executed by Nealey at the time, and then follow up the defense by proving the other facts; and testimony could not be introduced to prove the agreement, because the same was reduced to writing, and was itself the only evidence of that fact. When that agreement was excluded, no further evidence could be introduced. It was the foundation upon which all other testimony had to be based, and was really the key and entering wedge to our defense. It would be utter folly for Patterson to prove that the note was assigned to Hartsock after it became due, unless he was also permitted to prove that he had a defense against the same, while in the hands of Neally, and that defense could

only be proved by the written agreement of Nealey, which, being excluded, shut the door completely against any defense.

*Opinion by* HASTINGS, C. J.   This action was commenced before a justice of the peace, on a promissory note drawn by said Patterson in favor of James W. Nealey, an indorser, without recourse, payable in meats when called for at the market price in Burlington.

At the date of the note, it appears Nealey executed and delivered to Patterson an agreement, as follows :

" I, James W. Nealey, do agree and bind myself to pay to Robert W. Patterson, cash for one half of the meat that I shall purchase of him from this date, until the same shall amount to the sum of two hundred dollars, the other half to be credited on the note which I hold against said Patterson, May 11, 1841.

(Signed)          JAMES W. NEALEY."

There does not appear to have been before the court below satisfactory evidence that the note was negotiated after due, and the presumption of law being that the note came into the hands of the defendant in error before due, the court below did not err in ruling out the defense set up under the above agreement.

The paper introduced by defendant, if considered in connection with the execution of the note, and legally before the jury, we think would be no bar to a recovery.   It is not a matter precedent to the payment of the note, that Nealey should advance half cash for meat purchased on the note.   This undertaking of Nealey seems to be independent of the note, although made at the same time, and Nealey testifies that it was executed by him for Patterson's convenience, and did not enter into the original consideration or transaction.

The law raises the presumption that, at the date of these papers, Patterson was indebted to Nealey in a sum equal to the amount of this note.

Nealey testifies that a demand for payment of balance due.

was made, and if the defendant would avail himself of the collateral agreement, he should have responded, by making a demand on his part; but it seems he refuses to pay the note, and does not demand performance of the collateral agreement; being then indebted, he becomes liable to pay, and the court below did not err in ruling out said agreement.

The defendant below proved by said Nealey, that the note in suit was one of the notes mentioned in the agreement, and Nealey at the same time stated, "that said agreement was no part of the transaction or subject matter of the said note, but given only for said Patterson's convenience."

The court then refused to permit the defendant to read the agreement to the jury as evidence. The plaintiff in error claims that the court should have permitted him to read the paper in evidence, as a stepping-stone to other and further evidence.

Had the bill of exceptions stated that the defendant proposed to follow up the introduction of the paper with other evidence, the position would perhaps be correct. But the bill of exceptions does not state that any other evidence was offered, and the paper being no bar to the action of itself, it was properly ruled out from the jury, there being no other evidence proposed to be introduced. See *Courtney* v. *Commonwealth*, 5 Rand. 666.

Judgment affirmed.

*Dissenting opinion by* GREENE, J. As the excluded agreement appears to have been intimately connected with, and refers explicitly to the note as a part of the same transaction, I think its relevancy clearly established; and that it should not have been excluded from the jury. To justify such exclusion, the evidence should have been manifestly irrelevant. *Shannon* v. *Kinney*, 1 A. K. Marsh. 3; *Granger* v. *Warrington*, 3 Gil. 299.

The rule appears to be well settled, that evidence to be admissible, need not afford full proof of the fact which it is offered to establish; but it is sufficient if it conduces in any rea-

sonable degree to prove the fact. *Belden* v. *Lamb*, 17 Conn. 441; *Haughey* v. *Strickler*, 2 Watts and Serg. 411; *Jones* v. *Van Zandt*, McLean, 596; *Platte County* v. *Marshall*, 10 Mis. 345. In *Lake* v. *Munford*, 4 Smedes and Marsh. 312, it was held not to be necessary, that evidence offered to the jury should appear at the time to be relevant; but sufficient if it so appeared during the trial. And it appears that if evidence is only relevant to the issue, it cannot be excluded, even if it is not assisted by other proof, sufficient to establish the point in dispute. *Harrell* v. *Floyd*, 3 Ala. 16; *Cuthbert* v. *Newell*, 7 Ala. 457; *Laroque* v. *Russell, ib.* 798; *Abney* v. *Kingsland*, 10 *ib.* 355; *Drew* v. *Chamberlin,* 19 Vt. (4 Washb.) 573.

Besides, the note in question was not made payable at a future day, but when "called for;" on demand, it became immediately due. 13 Mass. 131, 137; 2 McCord, 246; 3 Wend. 13; and hence the legal presumption that the note was negotiated before due, is necessarily removed, and cannot be applicable to this case.

The agreement obviously appears to have been a part of the note transaction; and is not the presumption reasonable, that it was a strong inducement—an item of consideration upon which the note was given? Without farther comment, I cannot believe that sound rules of law or justice to the plaintiff in error, can justify the decision of the court below in this case.