### BROWN vs. HIGGINBOTTOM, use, &c.

1. An execution which is issued by a Justice of the Peace, after the lapse of ten years from the issuance of the last previous execution, is not sufficiently regular to authorize a sale of the land on which it may be levied for want of personal property.

ERROR to the Circuit Court of Tuskaloosa. Tried before the Hon. Geo. D. Shortridge.

P. & J. L. MARTIN, for plaintiff in error, cited—Clay's Dig. 206, § 28; ib. 207, § 31; Taylor v. Acre, 8 Ala. 491; Wilson v. Collins, 9 Ala. 127; Van Cleave v. Haworth, 5 Ala. 188; Shackleford v. Miller, 18 Ala. 675.

E. W. PECK, contra:

1. The bill of exceptions shows no error that can be noticed by this court, because both the objections named in the bill of exceptions are general objections merely for supposed irregularities in the proceedings before the justice of the peace, without pointing out and showing in what the supposed irregularities consisted. The court below, therefore, was not bound to notice the said objections, and properly overruled them.

2. If the objections consist in any supposed variance between the warrant and the judgment entry, and executions, as to the names of the parties, it is sufficient to say, that advantage could not be taken of that, on a motion for an order to sell the land levied on; such an irregularity could only have been reached by an appeal, or on *certiorari*. The supposed variance would at most make the judgment erroneous, and subject to be reversed, but not void; the execution was, therefore, rightfully issued and levied, and if so, the order to sell was properly made.

DARGAN, C. J.—Several objections have been taken to the regularity of the proceeding before the justice of peace, and to the propriety of the order of the Circuit Court, directing the land to be sold; but we shall take notice of only one of them. It appears that the first execution was issued on the 25th of January, 1840, which was never returned. The second was issued on the 25th of March, 1850, which, for want of personal pro-

perty, was levied on land as the property of the defendants, and upon this levy the order of sale was granted. The act under which this order was made provides, "that when it shall become necessary for the want of personal property, to levy an execution issued by a justice of the peace on land, it shall be the duty of the officer levying such execution, to return the same to the next Circuit Court of his county, and such court shall on the motion of the plaintiff, and it appearing by an exhibition of the proceedings before the justice, that the same have been regular, order a sale of such land, or whatever part thereof may be necessary to satisfy such execution."—Clay's Dig. 207. Was this execution sufficiently regular to authorize the order of sale? We think if an execution is issued contrary to law, that it cannot be regular, within the meaning of this act.

It is true that an execution issued upon a judgment after a year and a day, is not void, but voidable only, and if not avoided by the defendant, and his property is sold under it, the purchaser will acquire a good title. But we do not think that it was intended by this act, to allow the lands of a defendant to be sold under an execution, which ought not to have issued by the justice; therefore it is that the court is required before ordering the sale, to *inspect the proceedings*, and if they are not *regular*, the order cannot be granted. If the execution is shown to have been issued improperly, and not in conformity to law, a sale of the lands should not be ordered, without entering into the inquiry, whether the writ was void, or voidable merely. This we hold to be the true construction of this act ; and hence, the question is whether the execution issued on the 25th of March, 1850, was issued in conformity to *law*. By the law of this State, if an execution has been issued on any judgment or decree within a year and a day, and the same has not been returned satisfied, another may be issued within ten years thereafter, and the presumption of the payment of the judgment does not arise until ten years have elapsed, during which no execution has been issued. But if ten years have elapsed, during which no execution has issued, or if no execution at all has been issued within the year and day from the rendition of the judgment, then the common law presumption of payment arises, and afterwards an execution cannot lawfully issue without reviving the judgment by *scire facias*. This is the construction put upon the statute of 1835, in the case of Van Cleave v. Haworth, 5 Ala. 179.

which was examined and re-affirmed in the case of Shackelford .v. Miller, at the present term. Looking then to the executions, and the judgment on which they were issued, we must hold that the execution issued in March, 1850, was not sufficiently *regular* within the meaning of the act; for more than ten years had elapsed between the issuance of the first and second executions. The second could not therefore legally issue, and the court erred in ordering a sale of the lands levied on by it. The judgment must therefore be reversed, and the cause will be remanded, if the defendant in error wishes it.