## BROWN, TOLER & PHILLIPS *vs*. HURT & BRO.

[TRIAL OF RIGHT OF PROPERTY IN SLAVE.]

1. *When irregularity in fi. fa. is available to claimant.*—On a trial of the right of property under the statute, the claimant cannot inquire into the regularity of an execution which is merely voidable, and which has not been quashed or set aside; *secus*, as to an execution which is absolutely void, or which has been quashed or set aside for irregularity.

2. *Difference between void and voidable fi. fa.*—When there is less than fifteen days between the teste and return day of an execution, the writ is not absolutely void, but voidable only, and, until quashed or set aside, is as effectual to create or continue a lien as if it were free from irregularity.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. ANDREW B. MOORE.

THE slave in controversy in this case was levied on by the sheriff, as the property of Robert W. Stone, under an execution in favor of Hurt & Brother. The claimants derived title under a mortgage executed to them by said Stone, dated January 31, 1852, the law-day of which was the 1st May next thereafter; and they proved the validity of their debt, and their possession of the slave at the time of the levy, which was subsequent to the law-day of the mortgage. The plaintiffs' judgment was rendered on the 28th October, 1850, and the following executions were issued on it: 1st, *fi. fa.* tested 23d November, 1850, and returned 23d April, 1851, "no property found"; 2d, *alias*, issued October 13th, 1851, and returned, on the 20th of the same month, "no property found"; 3d, *pluries*, tested February 7th, 1852, and returned April 22d, "no property found"; 4th, *alias pluries*, tested August 23d, 1852, and returned January 10th, 1853, "by consent of parties"; 5th, the writ under which the levy was made, which was issued on the 10th December, 1852, and levied on the same day. "It was proved that the fall term of said circuit court, 1851, to which said *alias fi. fa.* was returned, commenced its session on the 27th October of that year.

Brown, Toler & Phillips v. Hurt & Bro.

The only question made before the court, was as to the lien of plaintiffs' execution. If said lien had been regularly kept up from the date of the first *fi. fa.*, so as to override the lien and title created by said mortgage, then it was conceded by the claimants that the slave was subject to the execution; but, if plaintiffs had lost their lien, by a failure to issue executions from term to term as required by law, so that the claimants' title under said mortgage was unincumbered by the lien of said executions, then it was conceded by the plaintiffs that the claimants were entitled to recover. On the point thus presented, the court charged the jury, that plaintiffs' lien had been regularly kept up by the issue of the executions above set forth, and that they must find a verdict for the plaintiffs." This charge, to which the claimants duly excepted, is the only matter now assigned as error.

I. W. GARROTT, for the appellants, contended, that the lien of the plaintiffs' execution was lost, because there was less than fifteen days between the teste and return day of the *alias;* citing Harris v. West, 25 Miss. 156; Brown v. Higginbottom, 19 Ala. 207; Read v. Markle, 3 Johns. 523; 3 Wash. C. C. 60.

WM. M. BROOKS, *contra*, insisted, that the lien was not lost, inasmuch as there was not the lapse of an entire term between the issue and return of the writs; citing Wood v. Gary, 5 Ala. 43; Albertson, Douglass & Co. v. Goldsby, 28 Ala. 711.

RICE, C. J.—When an execution is not void, but is voidable only, and has not been quashed or set aside, *the claimant*, on the trial of the right of property, cannot inquire into its regularity. However erroneous such execution may be, he cannot collaterally assail it, on such trial. When the execution is a nullity, or when it has been set aside or quashed for irregularity, he may avail himself of that to defeat the plaintiff on the trial of the right of property.—Blount v. Traylor, 4 Ala. 667; Harrell v. Floyd, 3 Ala. 16; Huff v. Cox, 2 Ala. 310; Fryer v. Dennis, *ib.* 144; Bettis v. Taylor, 8 Porter, 564.

2. The case of Chambers v. Stone, 9 Ala. 260, is regarded by us as a conclusive authority for the position, that an execution is not void, merely because there is less than fifteen days between its teste and return day; but voidable only, and may be quashed or set aside. See, also, Allen v. The Portland Stage Co., 8 Greenl. 207; 2 U. S. Dig. 315, § 6; Wilson v. Huston, 4 Bibb, 332; Johnson v. Harvey, 4 Mass. 483.

It is a sound rule, that such execution, being voidable only, and not void, is, *until set aside or avoided*, as effectual to protect the plaintiff, the officer, and a purchaser, and to create or continue a lien, as if it were free from error or objection.—Cogburn v. Spence, 15 Ala. 549; Blount v. Traylor, *supra;* Fournier v. Curry, 4 Ala. 321; Jackson v. Bartlett, 8 Johns. 361; Read v. Markle, 3 John. 523; Woodcock v. Bennett, 1 Cowen, 737. In other words, voidable process stands good, until set aside.

There is nothing opposed to the foregoing views in Brown v. Higginbottom, 19 Ala. 207. That case turned upon a statute, which made the regularity of the proceedings before a justice a requisite to an order by the circuit court for the sale of land levied on by a constable under the justice's execution.

The point actually decided in Harris v. West, 25 Miss. 156, was, that an execution, issued within less than fifteen daps before its return day, might be quashed on motion. That case agrees in that respect, fully, with Chambers v. Stone, *supra.* It is true the court, in that case, say the execution was void. But still the court treated it as voidable only, by quashing it on motion; and we 'all know, that courts in their language often fail to keep up the distinction between void and voidable process, when, as in the case of Harris v. West, the distinction was not material upon the facts before the court.

According to the views above expressed, the charge of the court below was correct. Judgment affirmed.