# Draper, Matthis & Co. *v.* Nixon.

*Statutory Detinue by Mortgagee, against Purchaser at Execution Sale against Mortgagor.*

1. *Sale of mortgaged property under execution.*—When an execution is levied on personal property subject to a mortgage executed by the defendant, the plaintiff in the process may pay the amount due on the mortgage debt, and sell the property to reimburse himself for the amount so paid, as well as for the satisfaction of his own debt (Code, § 3017); and it is not necessary that notice of the sale shall be given as required by the mortgage.

2. *Execution on dormant judgment.*—An execution issued on a judgment which has become dormant, but before the presumption of satisfaction arises, is not void, but merely irregular, and voidable at the instance of the defendant therein; and not having been quashed or vacated in an appropriate proceeding, the purchaser at a sale under it would acquire a good title.

3. *Error without injury in rulings on evidence.*—When the undisputed facts authorized the general affirmative charge in favor of the defendant, this court will not, at the instance of the plaintiff, inquire into the correctness of any of the rulings on evidence, since, if erroneous, they could have wrought no injury.

[Draper, Matthis & Co. v. Nixon.]

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. LEROY F. BOX.

This action was brought by Draper, Matthis & Co., suing as a partnership, against Stephen Nixon, to recover a wagon and a yoke of oxen; and was commenced in a justice's court, on the 5th April, 1888. The property sued for had belonged to A. J. Ingram, and each party claimed under him; the plaintiffs, under two mortgages executed to them by said Ingram, which were dated in January and May, 1887; and the defendant as purchaser at a sale under execution against said Ingram, which was issued January 28th, 1888, on a judgment recovered against him by W. L. Windham, in a justice's court, in October, 1882. At the time of the sale under execution, the property was subject to a prior mortgage in favor of J. Stephens & Son, which antedated the plaintiffs' mortgages. The constable who made the sale testified, as a witness for the defendant, that at the sale he gave notice, as instructed by Windham's attorney, that the sale was made, not only to satisfy the execution, but also the balance due on the mortgage of Stephens & Son. J. H. Shackelford, who was Windham's attorney, testified on behalf of the defendant that, on the day of sale, and prior thereto, he agreed with Stephens to pay the balance due on this mortgage, and took from him an assignment of the mortgage and secured note; and it was shown that this balance was afterwards paid to Stephens by Nixon.

The plaintiffs objected and excepted to the admission of the execution as evidence, and also to the general charge on the evidence, which was given on request of the defendant; and these two rulings, with others, are here assigned as error.

MATTHEWS & WHITESIDE, for appellants.—The execution set out in the record is absolutely void.—Code of Alabama, §§ 3363, 3364; *Henderson v. Gandy*, 11 Ala. 431. The court erred in giving the general affirmative charge in favor of the defendant.—*Tabler, Crudup & Co. v. Sheffield Land, Iron & Coal Co.*, 87 Ala. 305; *Paden v. Bellinger*, 87 Ala. 575; *Beard v. Horton*, 87 Ala. 202.

KELLY & SMITH, *contra*.—The sale under the execution was valid, and passed a legal title to Nixon.—Code of 1886, § 3017. The execution offered in evidence was not void, but voidable. 1 Brick. Dig., p. 892, § 29. There was no error in giving the general affirmative charge in favor of the defendant.—*Pritchett v. Pollak*, 82 Ala. 169; *Blanton v. Ga. Pac. Railway Co.*, 84 Ala. 154.

COLEMAN, J.—The suit was in detinue by appellants, and on the trial the court gave a general charge to the jury in favor of the defendants.

The property sued for was sold by a constable on the 3d of March, 1888, under execution in favor of W. L. Windham against A. J. Ingram, issued on a judgment regularly recovered in the justice's court. The execution stated that the judgment was obtained October 7th, 1882, and it has, among others, the following indorsements: February 7, 1883, *fi. fa.* No. 1; October 12, 1883, *fi. fa.* No. 2; "Issued January 28th, 1888." The execution was received February 7th, 1888, and the levy made February 19th, 1888, and indorsed, "subject to oldest mortgage." Stephens & Son had a mortgage on the same property, dated March 20th, 1885. At the time of the levy, a balance was due and unpaid on this mortgage. Its priority as a valid lien is not controverted.

Appellants claim under two subsequent mortgages upon the same property, both executed in the year 1887. On the day, and at the time and place of sale, the constable stated that he was selling to pay the execution and satisfy the balance on the Stephens mortgage. The property was sold by the constable, and bought by the appellee, who, after the sale, paid to Stephens the balance due on his mortgage. Stephens was present at the sale, and turned over his note and mortgage to Shackelford, the attorney of Windham, plaintiff in execution, he agreeing to pay to Stephens the balance due on the mortgage.

Section 3017 of Code of 1886 provides, that when personal property is sold under execution, the plaintiff in the process may pay the mortgagee, or his assignee, the amount owing on the debt secured by the mortgage; and in such case, the property shall be sold as well for the payment of the mortgage debt as for the satisfaction of the process, the proceeds of sale to be first applied, after payment of costs, to reimburse the plaintiffs for the amount so paid by him, or his assignee. The officer selling property by execution under this section (3017) is not required to give the notice which may be stipulated in the mortgage, before he can proceed with the sale.

On the trial, the plaintiffs objected to the introduction of the execution as evidence, on the ground that the "*fi. fa.* was void and illegal on its face." The objection was overruled by the court, and duly excepted to. It is not shown by whom, or what authority, the indorsements on the writ of execution were made, or what connection they have with the judgment. The judgment was rendered March 7th, 1882, and the execution issued in January, 1888, and was levied in February,

1888—more than five years from the date of its rendition, but less than six years—Code of 1886, §§ 3364, and 2615, subdiv. 9.

A judgment not satisfied, nor barred by lapse of time, but temporarily inoperative, so far as the right to issue execution is concerned, is usually called a dormant judgment.—1 Freeman on Execution, § 81. An execution issued on such a judgment is not void, but irregular and voidable, and it can not be successfully attacked collaterally.—*Steele v. Tutwiler*, 68 Ala. 110; *Sandlin v. Anderson*, 76 Ala. 405; 1 Freeman on Ex., §§ 25, 29, 30 and notes; 22 Amer. Rep. 157; *Boren v. McGehee*, 6 Port. 432; 4 S. & P. 237. The fact that it can not be revived by *scire facias*, which is strictly a statutory proceeding, after five years, does not destroy its character and force as a dormant judgment, upon which execution might have been issued at common law, unless the full period had expired, between the date of rendition and the issue of execution, necessary to complete a bar by the statute of limitations, which in this case would be six years. This is the law as declared in the above authorities, and further sustained in *Brown v. Higginbottom*, 19 Ala. 208, and *Vancleave v. Haworth*, 5 Ala. 180.

The defendant in execution can take advantage of such irregularities, but, if he makes no objection to the irregularities of the process until his property is sold, and passes into the hands of purchasers who are strangers to the suit, he can not afterwards complain. Such a purchaser would acquire a good title.

Conceding all adverse inferences which could be drawn from the evidence on the undisputed facts, the court did not err in giving the general charge in favor of the defendant. It is, therefore, unnecessary to inquire further into the ruling of the court on the admission of the evidence.—*Ga. Pac. Railway Co. v. Blanton*, 84 Ala. 158. We do not wish to be understood as holding that the proceeds of the sale, in excess of what was due on the prior mortgage of Stephens & Son, were properly applied to the judgment of Windham, or the execution, instead of to appellants' mortgage. This question is not raised by the pleadings, and is not decided.

The judgment is affirmed.