## HUDSON versus TINDALL, EX'R.

Where a defendant produces an assigned note of the plaintiff, as a set-off against the plaintiff's action, the latter may show a *total or partial* failure of the consideration for which the note was given, either by a replication to the *plea of set-off*, or in answer to the *general issue*, and *notice of set-off*.

Hudson brought an action of assumpsit, in Tuscaloosa County Court, against Tindall, the executor of Payne, to recover for work and labor. Tindall filed the plea of general issue, and a notice of set-off. In support of the set-off, the defendant produced a note of hand, executed by the plaintiff, to one Lewis Hudson, and by the latter endorsed in blank. The plaintiff moved the Court to exclude this note from the jury; which being refused, the plaintiff then offered evidence to show a total failure of the consideration, for which the said note was given. The Court rejected this evidence, and the two decisions of the Court below, were here assigned for ever.

*Crabb*, for plaintiff—*Ellis, contra.*

SAFFOLD, J.—The action in the Court below, was assumpsit for work and labor, &c. by the present plaintiff, against the defendant as executor of Payne. The plea was the general issue, accompanied by a notice of set-off. To support the set-off, as appears by the bill of exceptions, the defendant offered in evidence a note for one hundred and forty-four dollars, made by John Hudson, the plaintiff, payable to Lewis Hudson, and endorsed with an assignment as follows : "I sign the within, for value received, Feb. 16th, 1826—Lewis Hudson." This date was anterior to the maturity of the note, and the note fell due sometime before the commencement of this suit. To the admissibility of this evidence, the plaintiff objected, and moved the Court to exclude it. The Court overruled the motion, and permitted the evidence to go to the jury. Afterwards, in the progress of the trial, the plaintiff proposed to introduce evidence of a total failure of the consideration of the said note, which being objected to on the part of the defendant, was refused by the Court, to which decisions the plaintiff excepted.

The jury rendered a verdict in favor of the defendant; and certified that the plaintiff was indebted to the defendant, the sum of one hundred and forty dollars and seven cents ; on which the Court rendered judgment, that the plaintiff should recover nothing, &c. and that the defendant recover his costs, &c. and that a *sci. fa.* issue in favor of the defendant—which having issued accordingly, the plaintiff, (then defendant) in the *sci. fa.* demurred, and was overruled ; and upon motion of the plaintiff, in the *sci. fa.* the Court rendered judgment that the conditional judgment of the previous term, be then made final, &c.

The original and present plaintiff, having sued out this writ of error, assigns as causes, among others—

1. That the Court below, in the progress of the trial, permitted the *note assigned or endorsed*, as stated, to go to the jury, as evidence of set-off.

2. That the Court refused to permit the plaintiff, on the trial below, to introduce evidence of a *total failure* of the consideration of the note offered as a set-off, under the general issue and notice.

3. That the Court rendered judgment, for the defendant below, that *sci. fa.* issued upon the certificate of the jury.

1. The record does not state any specific objection as having been urged against the admissibility of of the note as evidence. The objection appears to have been general. But in this Court, it is insisted, that there ought to have been proof of the execution of the note by the plaintiff, of the genuineness of the assignment, and that it was made at the time it bears date, or, at any rate, before the institution of the suit; that it should also appear whether it was assigned to the testator, or to the defendant as his executor; and further, that it was inadmissible for the reason that when given in evidence, the assignment remained *blank* as to the assignee. Which of these specific objections, or whether either, was brought to the notice of the Court below, does not appear. It may be, (as insisted by the defendant's counsel) that the decision of the Court was never required on either—that some different and untenable objection alone was made. Admitting, if the objection was made, that the note was inadmissible without proof of its execution, and that the assignment was made before the institution of the suit, yet it may be that the plaintiff,

tacitly or impliedly, waived the necessity of it—the same may be said respecting the necessity of filling the endorsement with the name of the assignee, and any other particular objection that might have been taken

Respecting the necessity of offering proof of the hand writing of the endorser supposing the exceptions to have been sufficiently taken, I am of opinion that no such proof could legally have been required, unless the genuinenesss of the assignment had been put in issue in the manner prescribed by the statute. The language of the statute is, "that when any suit shall be instituted, by any person or persons, as assignee or assignees, of any bond or other writing, it shall not be necessary for the plaintiff or plaintiffs to prove the assignment or assignments, unless the defendant or defendants shall annex to the plea denying such assignment or assignments, an affidavit stating that such defendant or defendants verily believe that some one or more of sueh assignments was forged, or make oath to the same effect in open Court, at the time of filing such plea."[*] Here under the general issue, notice had been given to the plaintiff that the note (describing it) would be offered as a set-off. This was entirely equal to a special plea, containing the same matter. It apprised the plaintiff as fully as a declaration could have done, of the claim which he was required to admit or resist—in other words to *defend.*

. In relation to this note, the situation of the parties were substantially changed, the plaintiff was virtually and technically *sued* on the note by the defendant—the former would not deny the assignment on oath, according to his belief, and which only is re-

* Dig. 189.

quired by the statute in any case. The injury or
inconvenience would, in most cases, be the same
whether the proof be required from the plaintiff or
defendant, to avoid which must have been the inten-
tion of the legislature. I think the *spirit* and *equity*
of the statute apply equally to endorsements on a
note when offered as a *set-off*; but as a different de-
cision has been made during the present term of this
Court, (*Cass* vs. *Northrop*,) I will not further
moot the question. And for reason of the uncer-
tainty of the exceptions referable to this assignment,
and because the next is sufficient to dispose of the
case, the Court declines the expression of any defin-
ite opinion on this.

2. Was the evidence of the failure of the considera-
tion of the note properly rejected? If it was, it can be
alone on the principle that the right of resistance or
defence, was greatly restricted from the circumstance
that the remedy on the note was prosecuted in the
form of a *set-off* instead of an *original action*. The
doctrine is, that under the *general issue*, the defen-
dant may give in evidence the *insufficiency* or *illegali-
ty* of the *consideration*, *infancy*, *lunacy* or *coverture*,
at the time of contracting; and a variety of other
matters, which in effect admit that a contract was
made, but deny that it was, or is, obligatory on the
defendant.[a] Suppose the relation of the parties chang- a1 Chit. P. 470,'1—T. Pr. 591
ed, and that the note had been made the foundation of
an original suit by Tindall against the maker, then
the defendant would, under the general issue, have been
clearly entitled to the benefit of the total failure of the
consideration; can the mere change, in the form of
the remedy, vary the rights of the parties, or the law
of the contract? The statute[b] provides, "that in all b Ark. D.59

31

actions to be commenced on any assigned bonds, pro-missory note, &c. the defendant shall be allowed the benefit of all payments, discounts and sets-off, made, had, or possessed against the same previous to notice of the assignment, any law, &c. to the contrary notwithstanding."

a2 Stewarts Rep. 1.

The decision of this Court, in the case of *Baldwin* vs. *Brogden*,[a] would appear to countenance the rule adopted by the inferior Court in this case. It was there held, that where a defendant pleads as a set-off, a note made by the plaintiff to another person, and transferred to him, the plaintiff will not be permitted to prove such set-off void, as being given for a gambling consideration, without replying such defence specially.

In support of this decision but little reasoning is employed, nor is any authority cited. The case was, at least, nominally different from this; there the set-off was specially pleaded—here, it was offered under the general issue and notice. It is suggested that the Court, in the former case, (and which consisted of but a bare quorum,) conceive that the difference in the form of the issue, authorised a different rule of decision, such as they adopted. Whatever may have been the views of the Court at that time, the present Court are unanimous in the opinion, that the evidence offered by the plaintiff to impeach the consideration of the note introduced as a set-off, was admissible; and that in the rejection of it; the Court erred; and that on the authority of recent decisions of this Court, and the references therein made, the evidence would have been equally admissible, if offered to establish only a *partial* failure of consideration. And my own opinion is, that the defence against the note was alike

available, whether the note had been given in evidence under a plea of *set-off*, or the *general issue and notice*; that in neither case was a special replication necessary.   In this opinion, probably a majority of the present Court would concur.

3. It is believed to have been unnecessary and irregular for the Court below, to render any judgment or order for the issuance of a *sci. fa.* on the certificate of the jury in favor of the defendant.   The amount certified stood as a debt of record, on which, without further authority, the defendant was by the statute of defalcation, in force at the commencement of the suit (and which governed the case,) authorised to take out a *sci. fa.* unless the debt was paid without delay.   Whether the judgment, or order, for the *sci. fa.* should only be regarded as surplusage, not vitiating the judgment, or otherwise, is unimportant to this decision, as the law, in this respect has been modified by an act of 1827, '28, which will govern subsequent suits; and as the previous assignment is considered fatal to this judgment.

Other causes have been assigned for error, one of which, being for matter beneficial to the plaintiff, he can claim no advantage from it.   The others relate to the proceedings and judgment on the *sci. fa.* which we regard as a distinct suit and not subject to revision on this writ of error.

On the second assignment alone, let the judgment be reversed, and the cause be remanded.