## Stone v. Stone for the use of Underwood.

1. A creditor, who is secured by the provisions of a trust deed, is not a competent witness to support the deed in a suit between the trustee and an execution creditor.

2. It is the duty of him who excepts, to show such a state of facts before the jury, that injury to his rights, most probably resulted from the erroneous action of the court; and if the exception is so uncertain as to leave this doubtful, an appellate court ought not to reverse.

3. A claimant, of property levied on, is not permitted to show the payment of the execution levied on the property claimed, as this is no part of the issue between the parties.

Writ of error to the Circuit Court of Autauga County.

AN issue was made, (under the statute) to determine the right to certain property levied on as the goods of one Elias Overstreet, at the suit of Thomas Stone, for the use of Benjamin Underwood, and claimed by William T. Stone.

The claimant offered one Newton as a witness. It appeared that the claim arose under a conveyance to the claimant, in trust, to secure certain creditors therein mentioned, among whom was the firm of Brodnax & Newton, of which firm the witness was a partner. The plaintiff objected to Newton, as incompetent and was sustained by the court.

The claimant then introduced Overstreet, who on his direct examination, denied owing any thing to Brodnax & Newton, at the time when the trust deed was executed; but he admitted that he had had transactions with them, by sending his cotton to them and by their acceptance of bills drawn by him, before the execution of the trust deed. The claimant then asked this witness, if Brodnax & Newton had not paid his order for eighty-seven dollars, to Seaman & Shackleford? The plaintiff objected to this question and the court decided that the claimant might be allowed to examine the witness as to the payment of the draft, but

Stone v. Stone for the use of Underwood.

not as to the amount of it, unless it was produced, its loss established, or it being made to appear, that it was in the possession of the adverse party, and that notice had been given to him to produce it at the trial.

Evidence was offered tending to show a satisfaction of the debt, by payment previous to the levy, and therefore the claimant moved the court, to exclude the execution from the jury, but the court overruled the motion.

The claimant excepted to the decision of the circuit court on all these points, and assigns the same as error.

DARGAN, for the plaintiff in error, made the following points:

1. Newton was a competent witness; nothing being shown from which the insolvency of Overstreet could be inferred. A creditor of a decedant's estate, is a competent witness for the administrator in a suit by the latter, and the same principle seems to govern this case. Yaurt v. Martin, (3 S. & R. 427;) Carter v. Pierce, (1 D. & E. 93;) Dunois v. Davies, (1 M. & M. 345;) 2 Wms. on Ex'rs. (1160, 1165.)

2. Overstreet ought to have been allowed to state the amount of the draft. The question is not within the rule which excludes oral evidence of a fact better shown by a written instrument.

3. The execution having been discharged by payment, ought to have been excluded.

CLARK, contra, cited and relied on the following authorities:

1. 2 Starkie on Ev. 747; Bank of Alabama v. McDade, (4 Porter 251.)

2. Rinaldi v. Rives, (1 Stew. 173;) Cloud v. Patterson (ib. 394;) Mordecai v. Beal, (8 Por. 529.)

3. Bettis v. Taylor, 8 Por. 564.)

GOLDTHWAITE, J.—1. The witness, Newton, was called to support the title of the claimant to the trust property, conveyed that certain debts might be provided for; and among them is one due to a firm of which the witness was a partner. This, is not like the case of a creditor of a decedent's estate, who is called as a witness to support a suit by the administrator, because the

interest of the creditor is uncertain, whether the estate is solvent or otherwise; but here, a specific appropriation is made, of at least a portion of the debtor's estate to which the witness is entitled to resort, if the deed is valid, to the exclusion of all who are not preferred in the same manner as himself. Illustration is however, unnecessary, because the question is concluded by the decision of the court in the case of the Bank of the State of Alabama v. McDade, (4 Por. 252,) which settles, that a person occupying this relation is not a competent witness.

2. The second exception taken in the circuit court, is too vague and indeterminate to authorize a reversal, even if we were satisfied that the court erred. It is the duty of a party complaining of error, to show such a state of facts before the jury, that injury to his rights most probably resulted from the erroneous action of the court; and if the exception is so uncertain as to leave this doubtful, an appellate court ought never to reverse.

The position assumed by the circuit court is not necessarily erroneous, although it might be under peculiar circumstances. The witness Overstreet, was probably offered, to show his indebtedness to Brodnax & Newton, but having unexpectedly denied being indebted, he is then asked the question, which was objected to; the answer to this question would lead to no conclusion, without other evidence, for if such an order was drawn, the legal presumption would be, that it was drawn against funds; if it was intended to show by the answer, that Overstreet was a debtor, by means of this order, then it was not proper to give evidence of it, unless its absence was properly accounted for. In this view the action of the court would have been entirely correct. On the other hand, if the question was asked, in order that the answer might show the witness to have been mistaken when he made the denial of indebtedness, it would be proper and subject to no just exception. In the condition in which this point is left by the bill of exceptions, too much is necessary to be inferred, and too little is stated to warrant the conclusion that the court erred in this particular.

3. The only remaining point raised on the record is within

the principle settled in Bettis v. Taylor (8 Por. 564,) in which it was held, that a claimant is not permitted to question the validity of the judgment, or the regularity of the execution under which the property is sought to be condemned, as those inquiries are foreign to the issue between the parties. A payment is as entirely without the issue as any other matter which can be conceived. Judgment affirmed.