## TATUM v. HUNTER AND THOMAS.

1. When the object and intent of a deed is to hinder and delay creditors, and both grantor and grantee participate in it, the deed is void as between a creditor, and the fraudulent grantee, though there may be included in the deed a valid debt, due to an infant ward of the grantee.

Error to the Circuit Court of Macon. Before the Hon. G. W. Stone.

TRIAL of right of property to a slave, levied on by the defendants in error, as the property of Sarah Tatum, and claimed by the plaintiff in error.

The claimant derived title under a deed of trust executed by Sarah Tatum, which purported to be made to secure the payment of a debt due the claimant, as guardian of Meredith Tatum, and other debts due to him individually. Evidence being offered of the consideration of the debts mentioned in the deed, the court charged, that if the note recited in the deed as due to Seth Tatum individually, was given without consideration, to swell the apparent indebtedness to a sum equal, or nearly equal, to the value of the mortgaged property, and thus to place it beyond the reach of the creditors of the grantor; and that Seth Tatum participated in this meditated fraud, it rendered the entire deed void, although the

debt due the ward of Seth Tatum, was due and owing from the grantor. To this charge the claimant excepted, and now assigns it as error.

RICE, CLOPTON, and S. WILLIAMS, for plaintiff in error.

1. Where a mortgage or deed of trust is executed to secure a debt actually due, and by the same deed provides for a pretended debt, such deed is not void as to the party whose debt is real and *bona fide.* See Anderson et al. v. Hooks et al. 9 Ala. Rep. 704.

2. Sarah Tatum made a deed of trust to Seth Tatum, on property, to secure a debt due to S T, as guardian of M T, a minor, and likewise a debt due to S T, individually. If the debt to Seth as guardian of Menifee Tatum, a minor, is fair, and *bona fide* due, and the one to Seth is simulated, and intended merely to increase the apparent indebtedness, then the deed is not fraudulent and void, so far as the rights of Menifee Tatum are concerned; and any act of Seth or Sarah, intended as a fraud, cannot affect Menifee Tatum, even if he had knowledge of such acts—he being a minor, and incapable of contracting, either fairly or fraudulently. See 9 Ala. 704, and Easly v. Dye et al. at the present term.

COCKE, contra.

1. The case at bar is wholly different from that of Anderson v. Hooks et al. There, the deed was made to Hooks, who had no participation in the fraud, first, to secure him in a liability he had incurred for the grantor to the bank; and, secondly, after the satisfaction of the debt on which Hooks was liable, to secure a simulated debt to Stocks. The court held, that though secured by the same deed, the interests of Hooks and Stocks were several and independent. Here, the deed is made to Seth Tatum, the fraudulent grantee, and recites, that, "for and in consideration of being indebted to Seth Tatum, of said county and state, in the sum of twenty-five hundred and fifty dollars, ($2,550,) to secure the payment whereof, the said Tatum holds her two promissory notes," &c., one, " payable to said Seth Tatum, guardian for Menifee Tatum," and the other, "payable to Seth Tatum, or bearer," &c. This deed shows no several and independent.

interests in Seth and Menifee Tatum. It is one of the cases in which the fraud of Seth Tatum must avoid the whole deed.

2. The record no where discloses that any evidence was offered to show that Menifee Tatum had an interest in the deed, or that any thing was due by the grantor to Menifee Tatum, unless the descriptive words, "guardian for Menifee Tatum," in one of the notes, can be considered evidence of that fact. It may well be questioned, whether that part of the charge, referring to Menifee Tatum, was not entirely abstract.

DARGAN, J.—This case is clearly distinguishable from Anderson et al. v. Hooks et al. 9 Ala. Rep. 704. In that case, it did not appear, that any person participated in the fraud, but the grantor. The debt recited in the deed as due to the bank, and on which Hooks was security, was *bona fide;* and neither Hooks, nor the bank, participated in the fraud. This court held, that the deed was valid, so far as this debt was concerned, although the debt to Stocks, recited in the deed, was simulated. But in the case at bar, both debts named in the deed, are payable to the mortgagee; and the charge was, that if one of the debts was simulated, and was inserted in the deed with the view to swell the amount of indebtedness, equal to the value of the property, and was done for the purpose of covering the property, and protecting it from the other creditors of the debtor; and if the mortgagee participated in this object, and purpose, then the mortgage was void *in toto.*

It must be admitted, then, where the object, and intent of a deed, is to defraud, hinder and delay creditors, and both grantor and grantee participate in the fraud, the deed is void; otherwise, the statute of frauds would be of no avail. Here, both the debts named in the deed, are payable to the grantee, and because the one that may have been *bona fide*, was due to him as guardian, cannot relieve the deed from the consequences of this fraudulent intent, in a suit at law, between the creditor, who was intended to be defrauded, and the grantee, who participated in that fraud, and to whom the money secured, or pretended to be secured by the deed, was payable.

It is not necessary to examine, whether the infant ward, could claim that the debt, to which he was entitled in equity, should be first paid out of the property conveyed by the fraudulent deed, (if he could not otherwise collect it;) by filing his bill for that purpose. However that may be, the deed, as between a creditor and the fraudulent grantee, must be declared void.

There is no error in the ruling of the circuit court, and the judgment is consequently affirmed.