# EX PARTE KEENAN.

1. An appellate court will not reverse the proceedings of an inferior tribunal, for an error which works no injury to the party complaining.

2. But error implies injury, and must reverse the judgment, unless the record itself repels the presumption of injury, and shows that, notwithstanding the error, there was no injury, (*per* Dargan, C. J.)

3. When application is made to a circuit judge for a *certiorari*, to review the proceedings of the Commissioners' Court in the establishment of a road, the petitioner *prima facie* shows *legal* injury, by showing that the road was illegally established, and that it runs through his land; and the writ should be granted.

MOTION for a *mandamus* against the Hon. EZEKIEL PICK-
ENS, Judge of the Second Judicial Circuit.

The petitioner, M. J. Keenan, made application to the
Hon. E. Pickens for a *certiorari*, to remove into the Circuit
Court certain proceedings had by the Commissioners' Court of
Dallas in the establishment of a road. The petition alleged
that the road, as established, ran two miles through the peti-
tioner's land, and that the thirty days' notice required by the
statute had not been given previous to the order establishing
it. The proceedings of the Commissioners' Court are ap-
pended to the petition, and several other errors therein are
alleged, which it is unnecessary to enumerate.

The Circuit Judge refused the writ, and a motion is now
made for a *mandamus* against him, to compel its issuance.

WATTS, JUDGE & JACKSON, and GAYLE & GAYLE, for the
motion.

CHILTON, J.—This is an application for a *mandamus* to
the Honorable Ezekiel Pickens, Judge of the Second Judicial
Circuit, to command him to award a *certiorari* to bring before
the Circuit Court of Dallas county certain proceedings had
before the Commissioners' Court of Roads and Revenue es-
tablishing a road, that the same might be reviewed.

Judge Pickens waives the alternative *mandamus*, and con-
sents that the petition here filed be considered as true, and
also admits that he refused to grant the fiat for the writ of
*certiorari*, because he was of opinion the petition, although it
might show legal error, did not show that evident injustice
had been done the petitioner.

The rule undoubtedly is, that a court will not reverse the
proceedings of an inferior tribunal for an error which works
no injury to the party complaining of it. Stone v. Stone, 1
Ala. Rep., 582; Holmes v. Gayle, ib., 517; Lawson v. Orear,
7 Ala. Rep., 784. In this case, however, conceding that
there was error in establishing the road, it is impossible to
say it worked no injury to the petitioner, since he shows the
road complained of will run about two miles through his
lands. He *prima facie* shows injury, when it is made to ap-

pear that the road has illegally been established over his land. We mean legal injury, as contra-distinguished from any actual damage;. for, although the road may be of benefit to him, yet if illegally established upon the land, he is as much entitled to revise and reverse the proceedings, as he would the judgment of a court rendered upon an insufficient declaration to which he had demurred.

Without passing upon the record of the proceedings before the Commissioners' Court, we think such a case was made out as *prima facie* entitled the petitioner to the writ of *certiorari*.

Let a *mandamus* issue.

DARGAN, C. J.—I think the Circuit Judge should have awarded the writ of *certiorari*. It is true, that a naked error, without injury, will not reverse a judgment, but my understanding of the practice is, that an error shown implies injury, and must reverse the judgment, unless the record itself repels the implication of injury, and shows that, notwithstanding the error, there has been no injury. Now the error in the Commissioners' Court is, that the petitioners for the road did not give the notice required by the statute. Digest 507. This error, as the record is now presented to us, exists, and there is nothing in the record to cure it, nor can we say that it is an error without injury.