## SAULS *vs.* CARMICHAEL & ALLEN,

[SECURITY FOR COSTS BY NON-RESIDENT PLAINTIFF.]

1. *Presumption in favor of judgment.*—In an action by A, for the use of B, the plaintiff was required to give security for the costs, on the ground of non-residence. At the next term, C "acknowledged himself security for the costs"; and the plaintiff amended his complaint, by striking out the words "who sues for the use of B". On a subse-

quent day of the same term, plaintiff took a non-suit, and judgment for the costs was thereupon entered against C; the minute entry reciting that he "acknowledged himself security for the costs *in this behalf*," and the name of A alone being stated in the margin as plaintiff. *Held*, on motion in arrest of judgment by C, "because he was not a party to the suit when judgment was rendered against him," that the appellate court would presume, in favor of the judgment of the circuit court, that C was surety for A, inasmuch as the record did not distinctly show whether he was surety for A, or for B.

APPEAL from the Circuit Court of Barbour.

The record does not show who was the presiding judge.

THIS case originated in a justice's court, where several actions were commenced in the name of R. T. Sauls, for the use of Thomas Wickham, against Carmichael & Allen, surviving partners, &c. The several cases having been consolidated in the circuit court, the defendants there moved, at the November term, 1858, to dismiss the suit for want of security for the costs ; and the court thereupon ordered, "that the plaintiff be required to give security for the costs by the next term." At the next term, the following proceedings were had, as shown by the minute entries in the record :

"R. T. Sauls, use of } April 26, 1859. James M. Pruitt
Thomas Wickham { comes, and acknowledges himself
    *vs.* { security for costs. Plaintiff has
Carmichael & Allen. } leave to amend his complaint, by striking out the words, 'who sues for the use of Thomas Wickham.' Defendant allowed to file new *certiorari*, with other security, in discharge of Brantley, whom he offers as a witness."

"R. T. Sauls } April 27, 1859. Came the parties,
    *vs.* } by their attorneys ; and the plaintiff
Carmichael & Allen. } makes known to the court that he will take a nonsuit. It is therefore considered by the court, that the plaintiff be non-suited, and that the defendants be discharged; and James M. Pruitt having acknowledged himself security for costs in this behalf, it is further adjudged, that defendants recover of said plaintiff, Sauls,

Sauls v. Carmichael & Allen

and also of said Pruitt as his security, the costs in this behalf expended."

"R. T. Sauls, use of ⎫     Motion Docket, May 14, 1859.
   Thomas Wickham ⎰     *Plaintiff* moves in arrest of judgment, on the ground that James M. Pruitt was not a party to the suit when judgment was rendered, and that Thomas Wickham was not a party ;; which motion, being heard, is overruled by the court, and said Pruitt excepts."

*vs.*
Carmichael & Allen.

There is no bill of exceptions in the record.    The appeal is prosecuted by Pruitt, who assigns as error the rendition of judgment for costs against him.

L. L. CATO, for appellant.
PUGH & BULLOCK, *contra.*

R. W. WALKER, J.—If we look alone to the minute entry of the 26th April, 1859, there may be some uncertainty as to whether it was for Wickham, or for Sauls, that Pruitt then became surety.  But the judgment entry which was made on the 27th April, 1859, sufficiently shows that Pruitt was at that time bound as surety for Sauls.  In the margin of this latter entry, the parties to the case, as it then stood, are named, Sauls being the plaintiff; and the minutes recite the fact, that Pruitt had " acknowledged himself security for costs *in this behalf*," the obvious meaning of which is, that he was surety for Sauls.  At any rate, the language is susceptible of that construction ; and that is enough to induce us to adopt it, if, by so doing, we can affirm the judgment of the circuit court.  Where the record is so obscure, that it does not distinctly appear upon what state of facts the judgment of the court below was rendered, the presumption is in favor of the judgment, and it will be affirmed.—*Stone v. Stone*, 1 Ala. 582 ; *Pender v. Felts*, 2 Sm. & M. 539.

Judgment affirmed.