## PULLIAM, WILLS, RANKIN & CO. *vs.* NEWBERRY'S ADMINISTRATOR.

[STATUTORY TRIAL OF RIGHT OF PROPERTY IN STOCK OF GOODS.]

1. *Admissibility of defendant's declarations, as evidence against claimant.* The conduct and declarations of the defendant in attachment, subsequent to the levy of the attachment and to the transfer to the claimant, and not accompanying or explaining any material fact in the case, are not competent evidence against the claimant.

2. *Admissibility of defendant's and claimant's declarations, as evidence for claimant.*—The declarations of the defendant in attachment and the claimant, made prior to the levy of the plaintiff's attachment, in the presence of a witness who was called in by them to take an account of the stock of goods in controversy, and tending to show a sale of the goods by the defendant to the claimant, are competent evidence for the claimant.

3. *Validity of conveyance on valuable consideration, with intent to defraud creditors.*—To sustain a sale or conveyance as against creditors of the grantor or vendor, it must not only be made on valuable consideration, but must also be *bona fide:* if there is an actual intent between the parties to hinder, delay, or defraud other creditors, the existence

Pulliam, Wills, Rankin & Co. v. Newberry's Adm'r.

of a just debt, or other valuable consideration, is not sufficient to uphold the transaction.

4. *Charge requiring explanation.*—An affirmative charge, which, though obscure, or tending to mislead the jury, asserts a correct legal proposition, is not a reversible error, since the appellant might have protected himself against it by asking an explanatory charge.

5. *Proof of plaintiff's debt.*—As between the plaintiff in attachment and a claimant under purchase from the defendant, the attachment itself is sufficient proof of the plaintiff's debt against the defendant.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. H. D. CLAYTON.

THIS was a statutory trial of the right of property in and to a stock of goods, on which an attachment had been levied, at the suit of the appellants, as the property of J. A. Newberry & Brother, and to which a claim had been interposed, under the statute, by Joseph C. Newberry, who was the father of the defendants in attachment; and the claimant having died pending the suit, it was revived in the name of his administrator. The trial was had at the September term, 1866, when the following bill of exceptions was reserved by the plaintiffs:

"On the trial of this cause, the plaintiffs proved, by W. H. Strickland, that he, as deputy-sheriff, executed the attachment, (which was shown to him,) by levying the same on a stock of goods in said county, in the possession of the defendants, on the 20th day of February, 1861; that he took possession of said goods, by locking up the storehouse, which was occupied by the defendants, and taking the key away with him; that when he first entered the store, one of the defendants was engaged in selling goods to some customers; that he waited until the customers got through, and then mentioned his business, made the levy, and took possession of the goods, in the manner stated. Said witness further testified, that on the morning after said levy, the defendants in attachment, with three other parties, met him in the public road, and, making demonstrations of violence, demanded of him the key of the store-house; that one of said party had a double-barrelled gun, and others had sticks; that one of the party told him, that they had

12

come for the key of said store-house, and that he had better give it up, or they would have a fuss; that he refused to give up the key, though he felt apprehensive that, unless he did so, the party intended to do him some bodily harm. To this portion of the evidence, included in this paragraph, the claimant objected, and the court sustained the objection, and excluded the evidence; to which the plaintiffs excepted. The claimant admitted that the value of the goods was sufficient to satisfy the plaintiffs' demand. The plaintiffs here rested.

"The claimant then introduced one Hybert as a witness, who testified, that the defendants and the said claimant sent for him, in December, 1860, to take an account of the stock in trade then on hand, belonging to the defendants; that he did so, at their request, at New York prices,—the invoice of which was then produced, and proved by the witness. Said witness further testified to a conversation between the defendants and the said claimant at that time— that the stock was to be taken for the purpose of turning the same over to the claimant, to pay off and satisfy a debt due from the defendants to him; which debt was for one note for about one thousand dollars, on one Owens, and another note for twelve or thirteen hundred dollars, on another party, amounting in the aggregate to about twenty-three hundred dollars; which said notes were lent to the defendants, by the claimant, in 1859, to enable them to commence business, and which the defendants discounted for cash, for that purpose. The witness testified, that he knew nothing of said transaction, only from what he heard the defendants and the claimant say at the time. To this part of the evidence, so far as it details the conversation between the defendants and the claimant, the plaintiffs objected; but the court overruled their objection, and they excepted. Said witness further testified, that it was agreed between the defendants and the claimant, that the defendants should hold possession of the goods, and dispose of the same, as his clerks, until such time as they might be called off to the war, (which was then in anticipation,) and that the store-house, goods, &c., were then to be turned over to one Liptrot, as the agent of said claimant, who was

then, and had been for more than twelve months, a resident citizen of Texas. To this evidence the plaintiffs objected; which objection the court overruled, and the plaintiffs excepted. Said witness further testified, that the claimant was the father of the defendants; that it was known to every body that the defendants were in failing circumstances; that they sold to the claimant their entire estate, except two buggies, one horse, and a small country storehouse; that the amount of goods sold by them to him was twenty-seven hundred dollars, at New York prices, and they also transferred to him, besides said goods, over five hundred dollars in good solvent claims.

"This being all the evidence, the plaintiffs asked the court to charge the jury, that if the defendants in attachment were indebted to the claimant, and the purchase and sale between the parties was intended by all of them to hinder, or delay, or defraud other creditors, by securing the debt of the claimant as a preferred creditor, then the transaction is fraudulent and void. The court refused to give this charge, and the plaintiffs excepted.

"The claimant then asked the court to instruct the jury—1st, that if the claimant bought the goods from the defendants for a valuable consideration, then that would not be such a fraud as to vitiate the sale; 2d, that a debt is a sufficient consideration to sustain a sale of property; 3d, that the claimant had a right to secure his debt, if the defendants in attachment owed him any thing, although they owed other debts; 4th, that if the sons made an assignment of the bulk of their property, to pay the debt due their father, the transaction is not a fraud in the meaning of the statute; and, 5th, that if the sons owed their father, and the sale of the property was made, in good faith, to prefer the debt of their father, then that is not such a fraud as would vitiate the preference. The court gave each of these charges as asked, and the plaintiffs excepted to each separately."

The several rulings of the court to which, as above stated, exceptions were reserved by the plaintiffs, are now assigned as error.

WATTS & TROY, and GARDNER & WORTHY, for appellants.
1. The testimony of the deputy-sheriff, which was excluded
by the court below, was relevant and proper.—*Beeson v.
Wiley, Banks & Co.*, 28 Ala. 575 ; *Snodgrass v. Br. Bank at
Decatur*, 25 Ala. 161.

5. The declarations of the defendants in attachment and
the claimant, as proved by Hybert, related to past transac-
tions, and were not competent evidence.—*Perry v. Graham*,
18 Ala. 822 ; *Thompson v. Mawhinney & Smith*, 17 Ala. 362 ;
*Lundie v. Cosper*, 20 Ala. 123; *Mims v. Sturdevant*, 23 Ala.
664; *Martin v. Hardesty*, 27 Ala. 458.

3. The charge asked by the plaintiffs should have been
given. It asserted a correct legal proposition, and was not
abstract.—*Draughn v. Bozeman*, 3 Stewart, 243 ; *Terrell v.
Green*, 11 Ala. 207 ; *Tatum v. Hunter*, 14 Ala. 557 ; *Corprew
v. Arthur*, 15 ib. 525; *Rives, Battle & Co. v. Walthall*, 38 ib. 329.

4. The several charges given by the court, at the instance
of the claimant, were incorrect, obscure, and calculated to
mislead the jury, by excluding a part of the evidence from
their consideration.—*Bozeman v. Draughn*, 3 Stewart, 243 ;
*Knight v. Bell*, 22 Ala. 198 ; *Dunlap v. Robinson*, 28 Ala. 100;
*Dill v. Camp*, 22 Ala. 249 ; *Edgar v. McArn*, 22 Ala. 796;
*Pritchett v. Munroe*, 22 Ala. 501; *Reese v. Beck*, 24 Ala. 651 ;
*Upson v. Raiford*, 29 Ala. 188.

J. N. ARRINGTON, and W. C. OATES, *contra.*—1. The evi-
dence of Strickland was properly excluded by the court.
*Abney v. Kingsland*, 10 Ala. 355 ; *Bilberry's Adm'r v. Mob-
ley*, 21 Ala. 277.

2. The conversation between the defendants and the
claimant, as proved by Hybert, was explanatory of a ma-
terial transaction, and was admissible as a part of the *res
gestœ.*—*Hooper v. Edwards*, 20 Ala. 529 ; *Tomkies v. Rey-
nolds*, 17 Ala. 109.

3. The charge asked by the plaintiffs, was properly re-
fused by the court—1st, because it was abstract; 2d, be-
cause it did not assert a correct legal proposition; and, 3d,
because it was obscure, contradictory, and calculated to
mislead the jury. It was abstract, because the record does
not show that any evidence was introduced to prove the
plaintiffs' debt.—*Harrell v. Whitman*, 20 Ala. 519; *Salmons*

*v. Roundtree*, 24 Ala. 458; *Johnson v. Boyles*, 26 Ala. 576; *Rolston v. Langdon*, 26 Ala. 660. It did not assert a correct legal proposition, because the law authorizes a *bona-fide* creditor to "purchase and receive the effects of his debtor, in payment of such debt, even though the *known effect* may be to hinder or defeat his other creditors."— *Young v. Dumas*, 39 Ala. 60. There can be no difference between the *known* effect and the *intended* effect of any act, for every man is presumed to intend the necessary consequences of his actions. The charge was also obscure and contradictory, because it assumed that the claimant could intend to hinder and delay other creditors, merely by securing his own just debt; that is, that he could perpetrate a fraud on others, by doing what was no fraud. It is difficult to conceive how a man can do an illegal act by doing what the law authorizes.

A. J. WALKER, C. J.—The declarations and conduct of the defendants in attachment, proved by the sheriff, transpired after the transfer to the claimant, and after the levy, and did not accompany, qualify, or explain any material fact in the case; and the claimant can not be affected by them. The court, therefore, committed no error in excluding them.

2. There was no error in the admission of the evidence of Hybert. Its tendency was to establish the sale of the stock of goods to the claimant, a material fact in the case; and it therefore could not be obnoxious to the objection of being mere declarations of the parties.

3. The charge asked should have been given. It was certainly neither abstract, nor tending to mislead. "If the purchase between the parties was intended by all of them to hinder, or delay, or defraud" creditors, it surely can not be doubted that the sale was void as to creditors. It is not sufficient to sustain a conveyance, as against creditors, that it should be upon a valuable consideration; it must also be *bona fide*. The intent to defraud creditors will vitiate a transfer of property, although made upon valuable consideration. *Bozeman v. Draughn*, 3 Stew. 243; *Terrell v. Green*, 11 Ala. 207, 213; *Tatum v. Hunter & Thomas*, 14 Ala. 557; *Cor-*

*prew v. Arthur*, 15 Ala. 525; *Huggins v. Perrine*, 30 Ala. 396; *Rives, Battle & Co. v. Walthall*, 38 Ala. 329.

4. The first charge asked by the claimant, and given by the court, is, perhaps, obscure; but we would not affirm that the court erred in giving it. If it tended to mislead the jury, the plaintiffs should have sought an explanation from the court. Certainly, the buying of goods for a valuable consideration, does not constitute a fraud at all; but, if the transfer of the goods was made to defraud creditors, the valuable consideration would not sustain the transfer. The valuable consideration may be relied upon, and commented upon as evidence of *bona fides;* but it is not conclusive of it.

There was no error in giving the second charge asked, notwitstanding it too, unexplained, might mislead the jury. A debt is a sufficient consideration to sustain a sale of property; but nevertheless, if a sale of property be made in consideration of a good debt, *with a fraudulent intent*, it is void against creditors.

We do not think it is necessary for us to notice the other charges given in this case. The points arising, or likely to arise, are covered by what we have already said. While the defendants had a right to transfer their property to their father, in payment of a just debt, they had no right to make such transfer for the purpose of defrauding any creditor.—*Young v. Dumas*, 39 Ala. 60.

The judgment is reversed, and the cause remanded.

NOTE BY REPORTER.—On a subsequent day of the term, in response to an application by the appellee's counsel for a re-hearing, the following opinion was delivered:

A. J. WALKER, C. J.—The counsel for the appellee having presented a petition for a re-hearing, we have re-examined the questions arising upon the record, and are constrained to adhere to our former opinion.

It is argued in support of the petition for a re-hearing, that the charge asked by the plaintiff, and refused by the court, was abstract, and that therefore the court committed no error in not giving it. The charge is said to be abstract,

upon the ground, that there was no proof that the defendant in attachment was indebted to plaintiffs. The reply to this is, that it is settled, by decisions of remarkable frequency, that for the purpose of the trial of the right of property, the attachment is sufficient evidence that the plaintiffs were creditors of the defendants, and the claimants can not question the plaintiffs' debt. " The only question to be litigated is, whether the goods claimed really belonged to the claimant or not, as against the plaintiff, a creditor. For the purpose of this controversy, the plaintiff must be regarded as a creditor, without the production of proof of indebtedness," he having given in evidence his attachment.—*Butler & Alford v. O'Brien,* 5 Ala. 316; *Taliaferro v. Land,* 23 Ala. 369, 376; *Harrell v. Floyd,* 3 Ala. 16; *Huff v. Cox,* 2 Ala. 310; *Stone v. Stone,* 1 Ala. 582; *Hardy v. Gascoigne,* 6 Porter, 447; *Franklin v. Elliott,* 5 Porter, 182; *Hooper v. Pair,* 3 Porter, 401; *Collingsworth v. Horn,* 1 Stew. & P. 237; *Carlton v. King,* 1 Stew. & Por. 472.

If the question presented were, whether property given without valuable consideration, and in the absence of a fraudulent intent, were subject to an attachment, it would be necessary to prove the existence of the debt at the time of the conveyance; for, in such case, the conveyance would be good as to all subsequent creditors, and bad as to existing creditors. But, if there was a positive intent to defraud, the conveyance may be avoided by subsequent creditors, and the property subjected "to after-contracted debts." *Williams v. Avery,* 38 Ala. 115; *Huggins v. Perrine,* 30 Ala. 396. If, therefore, in this case, there was a fraudulent intent of the parties who made and accepted the transfer, the plaintiffs may subject the property transferred, though their debt had no existence prior to the issue of the attachment; and the claimant can not controvert that the plaintiffs were creditors at that time. Therefore, the introduction in evidence of the attachment, was such proof of the plaintiffs' character of creditor, as would justify the charge that the fraudulent intent of the parties would vitiate the transfer, and the charge asked was not abstract.

It is next contended, that the charge asked and given is inconsistent with the decision in the case of *Young v. Dumas,*

delivered at the January term, 1863. In that case it was decided, that a *bona-fide* creditor may, by *fair* contract, purchase and receive the effects of his debtor in payment of his debt, " even though the *known* effect may be to hinder or defeat his other creditors." A similar doctrine is stated, though not so strongly, in *Borland v. Mayo*, 8 Ala. 104, 118. The principle is, that the mere fact, standing alone, that the necessary effect of the conveyance would be to hinder and defeat other creditors, would not vitiate it. But this principle is not in conflict with the charge asked. The doctrine of that charge is, that the fraudulent intent would make the property liable to debts; and the invalidity of the conveyance, in *Young v. Dumas*, would have been declared, if a fraudulent intention had been present. The authorities cited in our original opinion show, that a valuable consideration would not sustain a conveyance made with the intention of defrauding creditors.

It is contedned, also, that the parties could not intend to " hinder, or delay, or defraud creditors," by securing a *just* debt, and that therefore the charge contains a solecism. We think not. The agency of a conveyance to secure or to pay a just debt, may be employed to effect a fraudulent purpose; and if so, it is void as to creditors. We think the charge asked should have been given.

The application for a re-hearing is refused.