# Foster *v* Goodwin.

### Statutory Claim Suit for Bale of Cotton.

1. *Contract of sale, or lease.*—Under a contract for the sale of lands, with a stipulation by the purchaser to pay rent, and to surrender the possession, on making default in the payment of the note given for the purchase-money; the note not having been paid at maturity, the relation of landlord and tenant exists between the parties, and has relation back to the making of the contract.

2. *Burden of proof.*—On the trial of a statutory claim suit, the plaintiff must first make out a *prima facie* case of liability to his execution or attachment; and when he has done this, the *onus* is devolved on the claimant to establish a valid title in himself as against the plaintiff.

3. *Transfer of debt after suit brought.*—A transfer by the plaintiff, after the levy of the attachment, of the note or claim on which his suit is founded, does not operate to bar the further prosecution of the suit by him: he may continue it in his own name, for the benefit of the transferree, and to protect the rights assigned.

4. *Payment of debt after interposition of claim.*—Where the attachment is sued out by a landlord, and the claimant derives title by purchase from the tenant, the latter can not be allowed to prove payment of the plaintiff's debt after the attachment was sued out.

APPEAL from the Circuit Court of Henry.
Tried before the Hon. JOHN P. HUBBARD.

GAMBLE & RICHARDSON, for appellant.

STALLINGS & WILKINSON, contra.

CLOPTON, J.—The suit arose on a claim interposed by appellant, under the statute, to a bale of cotton, levied on by attachment sued out by appellee, for rent claimed to be due by Barnes as his tenant. The tenancy arose from a

contract of purchase of lands, by which the vendee, who is the defendant in attachment, agreed to pay the plaintiff sixteen bales of cotton for rent, and to surrender the lands, in the event he failed to pay the purchase-money note at maturity, which matured October 1, 1884. By the agreement, the relation of landlord and tenant was created, with all its rights and incidents, referable to the time of making the contract.—*Collins v. Whigham*, 58 Ala. 438. But the claimant contended that, in pursuance of an agreement and arrangement between plaintiff and Barnes, made in 1884, the latter fully discharged the purchase-money of the lands, and that the relation of landlord and tenant was not created. The claimant derived title to the cotton by purchase from a sub-tenant of Barnes. There appears to have been no dispute as to the fact that the cotton was grown on the premises; nor as to the purchase by claimant. The controverted question is payment *vel non* of the purchase-money.

We find difficulty in understanding precisely and fully the charges given and refused by the court; but, as we interpret them, the record does not affirmatively show the court in error. Particular phrases used in the general charge are selected and excepted to; but, when considered in the connection in which they were used, they are not erroneously employed. The issue joined is an affirmation by the plaintiff that the cotton in question is subject to his attachment, and a denial of the fact by the claimant. It is incumbent on the plaintiff to make out a *prima facie* case of liability, which, when done, casts on the claimant the burden of establishing the validity of his title as against the plaintiff. The landlord's lien for rent extends to all the crops grown on the rented premises; and they are liable to an attachment, though not raised by the tenant himself. For the purpose of enforcing the lien, they are in legal contemplation his property.

The attachment was sued out in March, 1885. The subsequent transfer of the purchase-money notes to his wife does not operate to bar plaintiff from prosecuting the suit. He may continue it in his own name, for the benefit of the transferree, and to protect the rights assigned. It has been long and well settled by the decisions of this court, that on a statutory trial of the right of property, the question to be litigated is, whether the property claimed belongs to the claimant or not, as against the plaintiff, a creditor; and that for the purpose of the controversy, the plaintiff will not be required to produce other proof of indebtedness than the attachment; that payment of the execution levied on the property is without the issue.—*Butler v. O'Brien*,

5 Ala. 316; *Stone v. Stone*, 1 Ala. 582; *Pulliam v. Newberry*, 41 Ala. 168. While we express no opinion, whether or not, when the liability of the property solely rests on a lien, having priority to all other liens, the general property residing in the defendant in attachment, the claimant, who derives title from him, will be permitted to show that the plaintiff has no lien; we do hold, in accordance with the former decisions, that the claimant will not be allowed to prove payment of the debt subsequently to the suing out of the attachment, such payment being without the issue at the time the claim was interposed.

The rulings of the court appear to be in harmony with these views.

Affirmed.