[Bell v. Kendall & Co.]

# Bell *v.* Kendall & Co.

### *Statutory Claim Suit for Stock of Goods.*

93   489
97   581
97   649
93   489
101   266
93   489
104   144
105   71

1. *Conveyance by insolvent debtor to creditor; validity as against other creditors.*—When the validity of a sale of his stock of goods by an insolvent debtor, in consideration of an alleged existing indebtedness, is assailed by another creditor, and a statutory claim suit is inaugurated between him and the purchaser, the material issues are, (1) whether there was in fact a *bona fide* existing debt, (2) whether its amount was materially•less than the reasonable value of the goods, and (3) whether any trust or benefit was reserved or secured to the debtor; and the fact of relationship between the parties exacts a fuller measure of proof than is required in transactions between strangers.

2. *Admissions or declarations of grantor, as evidence for grantee.*—Any admission or declaration by the debtor, of indebtedness on his part to the purchasing creditor, made before the sale or transfer of the goods, is admissible as evidence against a subsequent attaching creditor, unless it is shown that his debt antedated such admission or declaration.

3. *Same, as evidence against grantee.*—Any declaration or act on the part of the debtor, subsequent to the sale of the goods, tending to show continued ownership on his part, is not admissible as evidence against the grantee, or purchasing creditor, unless shown to have been made in his presence, or with his knowledge or approbation.

4. *General objection to evidence partly legal.*—A general objection to a mass of evidence, part of which is legal, may be overruled entirely.

5. *General exception to charges.*—A general exception to several charges given can not avail on error, unless each one of them is erroneous.

6. *Argumentative charges*—as, that the jury "may look to this fact," or "may consider that fact"—may be refused on that account; but giving such a charge is not ground of reversal.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. JESSE M. CARMICHAEL.

This was a statutory trial of the right of property in and to a stock of goods, between Kendall & Co., plaintiffs in attachment against Bell & Stallings, and Mrs. S. A. Bell as claimant. The plaintiffs' attachment was levied on the goods on the 27th September, 1889, while yet in the store-house in which Bell & Stallings had conducted their business. Of the two partners composing the firm of Bell & Stallings, one was the son of Mrs. S. A. Bell, the claimant, and the other was her son-in-law. She claimed the stock of goods under a conveyance, or bill of sale, executed to her by Bell & Stallings, which was dated September 23d, 1889, and which recited that the goods were transferred to her, and were accepted by her, in full pay-

ment and satisfaction of an existing indebtedness of $3,916.65; the value of the goods, as shown by the annexed schedule, or inventory, being $4,136.39. A. H. Thomas, an attorney, who made the settlement for Mrs. Bell, testified that the indebtedness of Bell & Stallings to her was evidenced by their four promissory notes, all past due at that time; and he produced the notes on the trial, but said that he did not know on what consideration they were founded. He testified, also, that Mrs. Bell sent these notes to him for collection in July, 1889, and produced her letter to him, which was dated July 27th, 1889; also, that in September, 1889, being absent from Clayton, where he resided, he wrote a letter to Bell & Stallings in reference to Mrs. Bell's claim against them, and received from them a letter in reply, which he produced, and which was dated September 8th, 1889. This letter acknowledged the indebtedness of Bell & Stallings, begged indulgence, and said that, if pressed, they would be compelled to give Mrs. Bell goods in payment. The court excluded this letter as evidence, on objection by the plaintiffs, and the claimant excepted.

"The plaintiffs introduced one James and one Stokes as witnesses, who were merchants in Ozark [where Bell & Stallings had carried on their business], and who testified that, before the levy, but after the sale to Mrs. Bell, Bell (of Bell & Stallings) offered to sell crackers to Stokes, and crackers and canned goods to James, at reduced prices; that they did not know that the goods so offered to them were a part of those embraced in the sale and transfer to Mrs Bell, and that after the levy they did buy from Mrs. Bell, at reduced prices, some goods of like kind and character as those offered to them by said Bell. The claimant objected to the introduction of these witnesses, and to their evidence, and to each one as offered; which objection the court overruled, and the claimant excepted."

"The plaintiffs asked the following charges in writing, which the court gave, and to the giving of which the claimant excepted:" ((1.) "It is the duty of Mrs. Bell to show that she held an honest debt against Bell & Stallings, and the notes do not show this in this cause; and unless she does show this from all the evidence, the verdict must be for the plaintiffs." (2.) "In this case, the bill of sale does not show in itself that Bell & Stallings owed Mrs. S. A. Bell an honest debt." (3.) "If the debt or notes from Bell & Stallings are fictitious, or simulated, then Bell & Stallings did not owe Mrs. Bell such a debt as will uphold this sale; and unless Mrs. Bell shows from all the evidence that the notes were founded on an honest consideration or debt, they must find for the plaintiffs." (4.) "The notes in this case are not of themselves evidence that Bell &

[Bell v. Kendall & Co.]

Stallings owed Mrs. Bell, and unless the evidence shows that the notes were given for an honest debt, or debts, then the verdict must be for the plaintiffs." (5.) "The jury may look at and consider the facts, if they be facts, that Mr. Thomas was the attorney of Mrs. Bell and of Bell & Stallings; that he was the attorney who drew the bill of sale, and that he is the only witness testifying in this case for the claimant. And they may also look at and consider the fact, if it be a fact, that neither Mrs. Bell, nor Bell & Stallings, nor any one else, testified to any consideration being paid or given for the notes in evidence; and if the whole evidence fails to show that the notes were in fact founded on an honest debt, as, for instance, money loaned, or property sold, or some other honest debt, they must find for the plaintiffs."

The claimant requested the following charges in writing, and duly excepted to the refusal of each: (1.) "If the jury believe the evidence, they must find their verdict for the claimant." (2.) "The admission of Bell & Stallings to Thomas, the attorney of claimant, that the notes were just and due, is evidence of the existence of the debts." (3.) "If the jury believe from the evidence that Bell & Stallings admitted their indebtedness to A. H. Thomas, the attorney of Mrs. Bell, the claimant, and that said Thomas bought the goods attached at a fair price, and took possession of them before the levy was made by the sheriff, then they must find for the claimant." (4.) "Fraud in the transaction is for the plaintiffs to prove. It is not enough that they show badges of fraud, or that the circumstances are suspicious. They (the plaintiffs) must prove to the satisfaction of the jury that the transaction was fraudulent, otherwise the jury will find for the claimant." (5.) "Whether there exist in this case the ordinary badges of fraud; whether Bell & Stallings intended to hinder, delay or defraud their creditors; whether Mrs. Bell was swift in the race of diligence for the purpose of defeating other creditors, or whether such is the necessary consequence, are not material inquiries in this case. The only inquiry is the existence of a *bona fide* debt, and the notes of Bell & Stallings, unimpeached, are *prima facie* evidence of this fact; and the purchase of the goods at a fair price, and the delivery of them to Mrs. Bell from Bell & Stallings, are all the jury has to look to, and this she may do by her attorney." (6.) "Before the plaintiffs can recover in this case, they must prove that the defendants, Bell & Stallings, owed them, that the levy of the attachment was made upon the property, and that it was in the possession of Bell & Stallings at the time of the levy. Evidence that they had been in possession will not do. The plaintiffs must

[Bell v. Kendall & Co.]

prove the possession of the defendants, Bell & Stallings, at the time of the levy, or they have not made out a *prima facie* case." (8.) "The notes of Bell & Stallings, and their bill of sale to Mrs. Bell, unimpeached, is evidence of the debt, and the consideration of debt, as expressed therein." (9.) "It is upon the plaintiffs te prove everything that they allege,—fraud; no debt from Bell & Stallings to Mrs. Bell, the claimant; excessive sale of goods,—and every material fact to vacate the transaction, unless they prove that Bell & Stallings were in the possession of the goods at the time of the levy."

The rulings on evidence, the charges given, and the refusal of the charges asked, are assigned as error.

H. L. MARTIN, for appellant, cited the following authorities: (1.) As to the rulings on evidence, *Murphy v. Butler*, 75 Ala. 381; 71 Ala. 173; 38 Ala. 276; 41 Ala. 168; 14 Ala. 380; 9 Ala. 131; 2 Ala. 526. (2.) As to charges given and refused, *Schonfeld v. Hornthall*, 79 Ala. 107; *Hodges v. Coleman*, 76 Ala.: 103; *Meyer v. Sulzbacher*, 76 Ala. 120; *Seaman v. Nolen*, 68 Ala. 463; Bump on Fraud. Conveyances, pp. 587–604.

H. D. CLAYTON, *contra*.—(1.) The objection to the testimony of James and Stokes was general—to the whole testimony, part of which was certainly legal; and it can avail nothing. *Badders v. Davis*, 88 Ala. 367; *Lowe v. State*, 88 Ala. 8. (2.) The charges given assert correct propositions.—*Lehman v. Greenhut*, 88 Ala. 478; *Zelnicker v. Brigham*, 74 Ala. 598; *Harrell v. Mitchell*, 61 Ala. 278; *Hubbard v. Allen*, 59 Ala. 283; cases cited in 3 Brick. Digest, 520, §§ 173, 180.

STONE, C. J.—On September 23, 1889, Bell & Stallings, retail merchants, sold and conveyed their stock of merchandise to Mrs. S. A. Bell, the claimant, and placed it in possession of Thomas, as claimant's agent. The goods invoiced at about four thousand dollars, and the consideration of the transfer was an alleged indebtedness of about four thousand dollars from Bell & Stallings to Mrs. S. A. Bell. This transfer left Bell & Stallings pretty largely indebted, with no means for paying their debts. In other words, it left them insolvent.

On September 27, 1889—four days after the transfer to Mrs. S. A. Bell—Kendall & Co. sued out an attachment against Bell & Stallings, on the alleged ground that they had fraudulently disposed of their property. This attachment was levied on part of the merchandise which had been transferred to Mrs. S. A. Bell. She interposed a claim to it as her property,

and in that way inaugurated the present suit, which is a trial of the right of property. It is not claimed that any money was paid or promised by Mrs. Bell to Bell & Stallings. The consideration was the alleged debt from them to her. In the trial of the issue thus raised, the material issues were, was there a *bona fide* debt; was or was not the property received in payment materially disproportioned in value to the amount of debt paid with it, or was there any trust or benefit secured to the grantor or seller. If not tainted in one of these respects, the transaction violates no rule of law.—*Pollak v. Searcy*, 84 Ala. 259. The real inquiry and contest in this case were, whether the claim of Mrs. Bell was a *bona fide* indebtedness of Bell & Stallings. The relationship of the parties exacted a fuller measure of proof than is required in transactions between strangers.—*Thames v. Rembert*, 63 Ala. 561; *Hubbard v. Allen*, 59 Ala. 283; *Lipscomb v. McClellan*, 72 Ala. 151; *Gordon v. McIlwain*, 82 Ala. 247.

It is not shown when the debt to Kendall & Co.—the debt under which the attachment was sued out—was contracted, nor when it matured. If this were all the record shows, we would have no authority for fixing the date of indebtedness at a time earlier than the issue of the attachment, September 27, 1889.—*Gordon v. McIlwain, supra*. It is admitted, however, that it existed when the transfer to Mrs. Bell was made. Any admission by Bell & Stallings of an indebtedness to S. A. Bell, made before that time, whether verbally or in writing, or any statement by them which tended to show such indebtedness, was competent evidence for claimant, to be considered by the jury.—Bump on Fraud. Conv. 595; *Dwight v. Brown*, 9 Conn. 83. In the exclusion of the letter of Bell & Stallings, dated September 8, 1889, the Circuit Court erred.—*Pulliam v. Newberry*, 41 Ala. 168. If it had been shown that the debt to Kendall & Co. ante-dated the letter, this would have excluded it as testimony.—*Zelnicker v. Brigham*, 74 Ala. 598.

The testimony of James and Stokes was objected to as a whole. If the objection had been confined to that part of their testimony which spoke of the offer of Bell, of the firm of Bell & Stallings, to sell crackers at a reduced price, made as it was after the conveyance to S. A. Bell, and not shown to have been made with her knowledge or approbation, we would hold its admission was error.—*Pulliam v. Newberry*, 41 Ala. 168. The objection, however, was to the whole testimony, and it was rightly overruled.—3 Brick. Dig. 443, § 570.

The exception to the charges given at the instance of the plaintiff, was to the whole mass. Many, if not all of them, are free from reversible error; and, of course, this exception

can avail nothing.—3 Brick. Dig. 80, §§ 40, 41. Charge 5 of this series was only an argument, and ought to have been refused on that account, even if otherwise objectionable. Such charges, if free from other fault, furnish no ground for reversal, whether given or refused.

All the charges asked by claimant were rightly refused. Charge No. 1 was not authorized by the state of the testimony. Charge No. 2 was misleading, in that it might be interpreted as instructing that the facts therein hypothesized were necessarily sufficient to found a verdict upon. The testimony was legal, but it was for the jury to pronounce upon its sufficiency. The burden was on the claimant to show that Bell & Stallings did owe her the debt she claimed; and if, under all the testimony, the jury were not reasonably convinced of the existence and good faith of the debt claimed to have been due her, their verdict ought to have been for Kendall & Co.

Of the other charges asked by claimant, No. 1 is not appropriate to the case.—*Pollak v. Searcy, supra.* No. 5 is vitiated by its last clause. Nos. 6, 8 and 9 are each fatally bad, and the court did not err in refusing to give them.

For the single error pointed out, the judgment of the Circuit Court must be reversed.

Reversed and remanded.